**GENEVA DRIVE IN THEATRE, INC.; Las Vegas Theatrical Corp.; Concord Theatre Co., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

Nos. 77–3895 to 77–3897.

United States Court of Appeals, Ninth Circuit.

July 3, 1980.

Randall G. Dick, Levenfeld, Kanter, Baskes & Lippitz, San Francisco, Cal., for petitioners-appellants.

Daniel F. Ross, Washington, D.C., argued, for respondent-appellee; Michael L. Paup, U. S. Dept. of Justice, Washington, D.C., on brief.

Before ANDERSON and TANG, Circuit Judges, and WYATT,* District Judge.

PER CURIAM:

The issue in these consolidated cases is whether the taxpayers are entitled under Int.Rev.Code § 167(a) to depreciation deductions in respect of certain improvements erected by the lessee of property acquired by taxpayers subject to the outstanding lease. The Commissioner disallowed the claimed deductions for the years in question. The Tax Court, in an opinion reported at 67 T.C. 764 (1977), agreed with the Commissioner. We affirm the decision of the Tax Court for the reasons set forth in its opinion but with one modification.

## I.

In 1950, lessor John Huston owned certain unimproved land. In that year he leased the land to lessee Island Auto Movie. The lease ran until March 2, 1970. Under the lease, the lessee was to build and maintain certain improvements and facilities on the land so that the property could be used as a drive-in movie theater. The lessee was required to keep the improvements in good condition. It was also required to insure the buildings and, if needed, use the proceeds to restore them. On expiration of the lease, all buildings and improvements would vest in the lessor as absolute owner. The facts are set out more fully in the Tax Court's opinion, 67 T.C. at 765–68.

In 1965, the taxpayers purchased from Huston the land and his interest under the lease. Of the total purchase price, it is agreed that approximately $200,060 is allocated and attributable to the improvements in question, while approximately $204,847 is allocated and attributable to purchasing the raw land. At the time of taxpayers' purchase in 1965, the anticipated remaining composite useful life of the improvements was nine years, which exceeded the remaining time on the lease. Taxpayers claimed depreciation deductions on the assets and improvements commencing in 1965, using the nine-year composite useful life basis.

In the notice of deficiency, the Commissioner disallowed the claimed depreciation deductions for the taxable years 1967 through 1969 and recomputed the tax owing. The Commissioner's view, with which the Tax Court agreed, is that in these circumstances the taxpayers are not entitled to the depreciation deductions until after the lease expires and the taxpayer-lessors come into possession. Thus, it is not disputed that these taxpayers may deduct the depreciation for their capital investment in these assets. The question is when. The Tax Court held the depreciation should be claimed in the period after the lease, see 67 T.C. at 770, whereas the taxpayers wish to take the depreciation over the entire nine-year life from 1965.

## II.

■ The Tax Court concluded that the taxpayers had purchased a reversionary interest, that the taxpayers' interest in the improvements was not a business or income-producing property of taxpayers until the lease terminated, that the taxpayers' investment suffered no economic loss prior to 1970, and that the taxpayers did not pay a premium for the lease. These determinations require interpretation of the particular facts of this case. The Tax Court's findings of fact and inferences from facts will be upset on appeal only if clearly erroneous. See, e. g., Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960); Hunsaker v. Commissioner, 615 F.2d 1253, 1256, 1258 (9th Cir. 1980); First Security Bank v. Commissioner, 592 F.2d 1050, 1053 (9th Cir. 1979); Paxton v. Commissioner, 520 F.2d 923, 925 (9th Cir.), cert. denied, 423 U.S. 1016, 96 S.Ct. 450, 46 L.Ed.2d 389 (1975). See also Sibla v. Commissioner, 611 F.2d 1260, 1262–

* Honorable Inzer B. Wyatt, Senior United States District Judge for the Southern District of New York, sitting by designation.

63 (9th Cir. 1980). The burden is on the one appealing to show such clear error on the tax court's part. *See Estate of Meyer v. Commissioner*, 503 F.2d 556, 557 (9th Cir. 1974).

 In the cases at bar, the taxpayers have not shown that the Tax Court's factual determinations are clearly erroneous. In view of those facts, the Tax Court's decision on the taxpayers' entitlement to depreciation was the correct application of law. Prior to termination of the lease, the taxpayers did not meet two of the prerequisites for a depreciation deduction. First, they did not hold the improvements for the production of income. *See M. DeMatteo Constr. Co. v. United States*, 433 F.2d 1263, 1265 (1st Cir. 1970); *Schubert v. Commissioner*, 286 F.2d 573, 580 (4th Cir.), *cert. denied*, 366 U.S. 960, 81 S.Ct. 1919, 6 L.Ed.2d 1253 (1961). Second, the taxpayers' investment in the improvements did not erode prior to 1970, *see* 67 T.C. at 771. They did not suffer economic loss from obsolescence or use, and so did not qualify for the deduction. *See Commissioner v. Moore*, 207 F.2d 265, 268–69 (9th Cir. 1953), *cert. denied*, 347 U.S. 942, 74 S.Ct. 637, 98 L.Ed. 1091 (1954). We believe the Tax Court's opinion correctly pointed out the distinctions between the cases at bar and *World Publishing Co. v. Commissioner*, 299 F.2d 614 (8th Cir. 1962). *See* 67 T.C. at 772–74.

We disagree with the analysis of the Tax Court in one respect. Among the reasons why the taxpayers did not suffer economic loss, the Tax Court said: "[The taxpayers'] interest in the improvements did not diminish in value as a result of the passage of time but, instead, increased in value as the time for the actual enjoyment of the improvements approached." 67 T.C. at 771.

Insofar as this makes entitlement to depreciation depend upon actual changes in market value, it is erroneous. "[T]ax law has long recognized the accounting concept that depreciation is a process of estimated allocation which does not take account of fluctuations in valuation through market appreciation." *Fribourg Navigation Co. v. Commissioner*, 383 U.S. 272, 277, 86 S.Ct.

862, 865, 15 L.Ed.2d 751 (1966). Indeed, if increase in market value affected depreciability, few investments in real property would be entitled to depreciation under recent market conditions. However, this error does not affect the result because there were ample other grounds to say the taxpayers between 1965 and 1970 did not have an economically wasting asset.

The decision of the Tax Court is AFFIRMED.