**ESTATE OF Ernest D. SKAGGS, Deceased, Carolyn C. Fike, Executrix, and Carolyn C. Fike, Formerly Carolyn C. Skaggs, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. CA 81-7058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1982.

Decided March 24, 1982.

As Amended on Denial of Rehearing and Rehearing En Banc May 27, 1982.

William N. Snell, Thomas, Snell, Jamison, Russell, Williamson & Asperger, Fresno, Cal., for petitioner-appellant.

Jay W. Miller, Dept. of Justice, Washington, D. C., argued, for respondent-appellee; Gary R. Allen, Dept. of Justice, Washington, D. C., on brief.

Before FARRIS, FERGUSON and NELSON, Circuit Judges.

PER CURIAM:

Petitioners appeal the Tax Court's decision that absent a timely election under I.R.C. § 754, the bases of the partnership assets could not be adjusted on the death of a partner under I.R.C. § 1014(a) and (b)(6) until the partnership was terminated. The petitioners contest the Tax Court's ruling that the death of a partner does not, in and of itself, serve to terminate the partnership for tax purposes.

## I.  FACTS

Ernest Skaggs, decedent, and Carolyn C. Skaggs, his widow, conducted a farming business as equal partners in a two-member partnership known as the Santa Rita Ranch Company. They owned their respective capital interests in the partnership as community property. The partnership agreement provided that the partnership would terminate upon the death of either partner. The agreement also provided that, in such a case, the estate of the deceased partner could determine whether the partnership should elect to adjust the bases of the partnership assets under section 754 of the I.R.C.

The husband died on December 31, 1973, the last day of the partnership's 1973 tax year. Community property, including their respective partnership interests, became subject to probate administration. The wife was the sole beneficiary under the husband's will and was appointed executrix of his estate. No section 754 election was filed by the partnership. Subsequent to December 31, 1973, the wife exercised full management control over the business. The debts outstanding as of December 31, 1973, were paid from subsequent crop income and collection of accounts receivable during the period between January 10, 1974 and September, 1974.

In their 1974 tax returns, the wife and the estate of her husband each reported one-half of the income and expenses derived from the farming operation in that year. In so doing, they assigned stepped-up basis, under § 1014 of the I.R.C., to the crops sold and depreciable assets used in the business to reflect the fair market value of those items on the date of decedent's death. This had the effect of reducing the federal income tax for 1974 by $110,113 for the wife and $151,858 for the estate. The Commissioner disallowed the adjustment and the Tax Court affirmed.

## II. DISCUSSION

■ The Tax Court's findings of fact and inferences drawn from those facts will be upset on appeal only if clearly erroneous, the appellant having the burden of showing such clear error. *Geneva Drive In Theatre, Inc. v. C. I. R.*, 622 F.2d 995 (9th Cir. 1980). Due to its special expertise, the Tax Court's determination should not be overruled unless some unmistakable question of law mandates such a decision. *Sibla v. C. I. R.*, 611 F.2d 1260, 1262–63 (9th Cir. 1980).

■ The petitioners argue that the partnership was terminated on December 31, 1973, the date of the husband's death. In a thorough opinion the Tax Court fully considered the petitioners' arguments. *See Estate of Skaggs v. Commissioner*, 75 T.C. 191 (1980). Section 708 of the Code and Treasury Regulation § 1.708–1 define when a partnership is terminated for federal income tax purposes.[1] Under the regulations, a partnership does not terminate for tax purposes until the winding up of the partnership affairs have been completed. Further, the regulations indicate that the death of a partner does not necessarily terminate a partnership. Treas.Reg. § 1.708–1(b)(1)(i) and (iii)(a). The Tax Court found that although the partnership was dissolved on December 31, 1973, the process of terminating the partnership continued into 1974. *Id.* at 196. It concluded that absent a timely election under I.R.C. § 754, the bases of the partnership assets could not be adjusted on December 31, 1973.[2]

We affirm.

---

1. Treas.Reg. § 1.708–1, *Continuation of partnership.*

(a) *General rule.* For purposes of subchapter K, chapter 1 of the Code, an existing partnership shall be considered as continuing if it is not terminated.

(b) *Termination*—(1) *General rule.* (i) A partnership shall terminate when the operations of the partnership are discontinued and no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership.... [W]here partners DEF agree on April 30, 1957, to dissolve their partnership, but carry on the business through a winding up period ending September 30, 1957, when all remaining assets, consisting only of cash, are distributed to the partners, the partnership does not terminate because of cessation of business until September 30, 1957.

(a) Upon the death of one partner in a 2-member partnership, the partnership shall not be considered as terminated if the estate or other successor in interest of the deceased partner continues to share in the profits or losses of the partnership business.

(iii) For purposes of subchapter K, chapter 1 of the Code, a partnership taxable year closes with respect to all partners on the date on which the partnership terminates.

The date of termination is:

(a) For purposes of section 708(b)(1)(A), the date on which the winding up of the partnership affairs is completed.

2. Our review is limited to these facts where a husband and wife executed a formal partnership agreement. The Tax Court decision and this decision neither deal with nor apply to an ordinary community property situation not involving a formal partnership agreement.