ATLANTIC VENEER CORPORATION, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2870–83.    Filed December 31, 1985.

*Dennis I. Meyer, Bertrand M. Harding, Jr.*, and *Thomas A. O'Donnell*, for the petitioner.

*Kristine A. Roth* and *Marlene Gross*, for the respondent.

TANNENWALD, *Judge*: Respondent determined the following deficiencies in petitioner's Federal income taxes:

[9]See also Rev. Rul. 78–144, 1978–1 C.B. 168; Rev. Rul. 60–206, 1960–1 C.B. 201.

| Taxable year | Deficiency |
|---|---|
| 1976 | $102,784.30 |
| 1977 | 115,452.54 |
| 1978 | 145,469.77 |

The sole issue for decision is whether a valid election was filed pursuant to section 754[1], thus permitting petitioner to benefit from an adjustment to the basis of partnership property under section 743(b).[2]

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. This reference incorporates the stipulation of facts and attached exhibits.

Petitioner, a North Carolina corporation, had its principal place of business in Beaufort, North Carolina, at the time it filed its petition in this case. Petitioner timely filed its Federal corporate income tax returns for the taxable years ending June 30, 1974, through June 30, 1978, with the Internal Revenue Service Center in Memphis, Tennessee. In addition, petitioner filed amended corporate income tax returns for the taxable years ending June 30, 1974, and June 30, 1976.

On December 29, 1972, petitioner entered into a contract with two limited partners of K. Heinz Mohring (KG), a limited partnership organized under the laws of the Federal Republic of Germany (the German partnership), to purchase their combined one-third interest in the German partnership, effective January 1, 1973. The purchase price paid by petitioner was approximately $5,270,000, which exceeded by approximately $3,255,000 the adjusted basis of petitioner's allocable share of the German partnership's assets as of the January 1 acquisition date. Pursuant to German law, on its books and in its tax returns filed with the Federal Republic of Germany, the German partnership increased petitioner's basis in its share of

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Rules of Practice and Procedure of this Court.

[2] The statutory notice of deficiency issued to petitioner made several adjustments to petitioner's income for the taxable years in question. Petitioner conceded the correctness of all of these adjustments except the disallowance by respondent of depreciation deductions which were based upon petitioner's use of a stepped-up basis in partnership property. With respect to such use, respondent disallowed depreciation deductions of $62,976.48, $66,307.27, and $282,724.25 for the taxable years 1976, 1977, and 1978, respectively.

the partnership's assets by the aforementioned $3,255,000 and allocated such excess amount among the partnership's assets owned as of January 1, 1973.[3]

During its taxable years 1973 through 1978, the German partnership carried on no trade or business within the United States and derived no income from sources within the United States. The German partnership filed neither a U.S. partnership return Form 1065 nor a statement electing stepped-up treatment under section 743(b) with the Internal Revenue Service during this period. Under the German partnership's Articles of Partnership, the limited partners were not authorized to represent the partnership without a special power of attorney. No such special power of attorney was ever requested by or granted to petitioner that would have permitted it to file a U.S. tax return on behalf of the German partnership.

The first taxable year for which petitioner was required to report any distributive share of income or loss from the German partnership was petitioner's taxable year ending June 30, 1974. Petitioner reported on its corporate income tax return Form 1120 for each of its taxable years from 1974 through 1978 its distributive share of income from the German partnership, which was computed using the stepped-up basis in the partnership assets. Petitioner attached to each corporate return a copy of the German tax return of the German partnership, with attached schedules, for the German partnership's year ending December 31 of the preceding year. These partnership returns were in German, and petitioner did not provide translations of any portion of them to the Internal Revenue Service.[4] However, each Form 1120 contained a schedule which clearly identified petitioner's distributive share of the German partnership's income, the exchange rate utilized by petitioner in converting from Deutsche marks to

---

[3]Contrary to the optional election available to taxpayers in the United States under sec. 754, German law mandates an automatic step up in basis of partnership assets when a partnership interest is transferred.

[4]There was some question at trial whether petitioner had in fact ever attached to its corporate returns translations of the German partnership's returns. We held the record open for 30 days to give petitioner an opportunity to check its files to see if such translations had actually been provided to the Internal Revenue Service. Petitioner, by letter dated May 18, 1984, advised this Court that a review of its files, and of those of petitioner's certified public accountants, revealed that no English translations had been included with the Form 1120 filed by petitioner in each of the taxable years in question.

U.S. dollars and a direct reference to the page in the attached German tax return that evidenced this distributive share.

Each German partnership tax return included a document entitled "Enclosure to the Profit Assessment Statement." On page 2 of the "Enclosure to the Profit Assessment Statement 1973" was a schedule entitled "Supplementary Balance for Tax Purposes as of December 31, 1973" (enclosure), which pertained only to petitioner and listed as the value of each of the German partnership's assets as of January 1, 1973, the amount by which petitioner's basis in its partnership interest in the German partnership immediately after its acquisition of such interest exceeded petitioner's allocable adjusted basis in each of the German partnership's assets. The return of the German partnership containing said schedule was attached to petitioner's Form 1120 for the taxable year ended June 30, 1974. An English translation of the enclosure[5] revealed that the German partnership did in fact step up the basis of the partnership's assets to reflect the excess of petitioner's purchase price over the allocable adjusted basis in each of the German partnership's assets prior to petitioner's acquisition.

The corporate tax returns of petitioner filed for the taxable years ending June 30, 1974, and June 30, 1975, were never audited by respondent. Other than requests for statements and information made during the course of the audit leading to the issuance of the statutory notice of deficiency in this case, at no time during the taxable years in question did respondent exercise his authority under section 1.6031-1(d)(2), Income Tax Regs., to require petitioner to render statements or other information to determine whether petitioner was liable for a tax on income from the German partnership, nor has he ever questioned the accuracy or legitimacy of the allocation computations on the partnership returns.

OPINION

Under section 743(b), a partner who acquires a partnership interest at a purchase price in excess of the adjusted basis of his allocable share in the partnership's assets is permitted to step up the basis of these assets if the partnership so elects

---

[5]During the audit, respondent obtained certified English translations of each of the German partnership's returns from the Language Services Division, U.S. Department of State.

under section 754.[6] Pursuant to section 754—

> If a partnership files an election, in accordance with regulations prescribed by the Secretary, the basis of partnership property shall be adjusted, * * * in the case of a transfer of a partnership interest, in the manner provided in section 743. * * *

In order to make a valid election, the regulations promulgated under section 754 clearly state that "An election * * * shall be made in a *written statement filed with the partnership return* for the taxable year during which the distribution or transfer occurs."[7] Sec. 1.754-1(b)(1), Income Tax Regs. (emphasis added).

Turning to the partnership information return requirements of section 6031(a), that section provides that—

> Every partnership (as defined in section 761(a)) shall make a return for each taxable year, stating specifically the items of gross income and the deductions allowable by subtitle A, and such other information for the purpose of carrying out the provisions of subtitle A as the Secretary may by forms and regulations prescribe, and shall include in the return the names and addresses of the individuals who would be entitled to share in the taxable income if distributed and the amount of the distributive share of each individual.

This requirement is satisfied by the filing of a Form 1065 by the partnership (see sec. 1.6031–1(a)(1), Income Tax Regs.), but section 1.6031–1(d)(1), Income Tax Regs., stating a general exception, specifies that "A partnership carrying on no business in the United States and deriving no income from sources within the United States need not file a partnership return." However, with respect to such a foreign partnership that has a U.S. citizen or resident as one of its partners, the general exception from filing is modified by the provision that—

> Where a United States citizen or resident is a partner in a partnership described in subparagraph (1) of this paragraph which is not required to file a partnership return, the district director or director of the service center may require such person to render such statements or provide such

---

[6]Sec. 743(b) specifically provides, in relevant part—

In the case of a transfer of an interest in a partnership by sale or exchange or upon the death of a partner, a partnership with respect to which the election provided in section 754 is in effect shall—
   (1) increase the adjusted basis of the partnership property by the excess of the basis to the transferee partner of his interest in the partnership over his proportionate share of the adjusted basis of the partnership property, * * *

[7]The first taxable year of petitioner after the purchase of its partnership interest was the fiscal year ending June 30, 1974.

information as is necessary to show whether or not such person is liable for tax or income derived from such partnership. *In addition, if an election in accordance with the provisions of section 703 (relating to elections affecting the computation of taxable income derived from a partnership) or section 761 * * * is to be made by or for the partnership, a return on Form 1065 shall be filed for such partnership.* * * * [sec. 1.6031–1(d)(2), Income Tax Reg.; emphasis added.]

To complete the delineation of the statutory ·and regulatory framework, we look to section 703(b) which provides—

*Any election affecting the computation of taxable income derived from a partnership shall be made by the partnership,* except that any election under—

(1) section 57(c) (defining net lease),

(2) subsection (b)(5) or (d)(4) of section 108 relating to income from discharge of indebtedness),

(3) section 163(d) (relating to limitation of interest on investment indebtedness),

(4) section 617 (relating to deduction and recapture of certain mining exploration expenditures), or

(5) section 901 (relating to taxes of foreign countries and possessions of the United States), shall be made by each partner separately.

[Emphasis added.]

Petitioner's initial position is that no section 754 election statement was required to be filed. Its reasoning is as follows: (1) Section 754 specifically requires the statement to be filed with a U.S. partnership return; (2) under section 1.6031–1(d)(1), Income Tax Regs., the German partnership was not required to file a U.S. partnership return because it conducted no U.S. trade or business and had no U.S. source income; (3) moreover, the second sentence of section 1.6031–1(d)(2), Income Tax Regs., requiring a filing if an election under section 703 or 761 is to be made by or for the partnership, is inapplicable because section 703 is simply a catch-all provision directed solely toward those elections where the controlling statute is silent "as to the proper electing party" and thus does not cover the specific election set forth in section 754; and (4) therefore, absent any requirement to file a Form 1065 to which a statement of election must be attached, the German partnership could not make a valid election. Respondent counters with the assertions that: (1) Section 703 is not limited as petitioner contends and covers all elections relating to the computation of a partnership's tax-

able income including a section 754 election; (2) therefore the provisions of the second sentence of section 1.6031–1(d)(2), Income Tax Regs., are applicable; and (3) a U.S. partnership return with an attached statement of election was required to be filed for the partnership.

We acknowledge that a literal interpretation of section 703 may support petitioner's contention that the provisions of the second sentence of section 1.6031–1(d)(2), Income Tax Regs., do not apply to other statutory provisions which specify who is to make an election. For example, section 703 provides that the elections covered thereby are to be "made by the partnership," which would appear to be unnecessary as far as section 754 is concerned, which provides "if a partnership files an election." On the other hand, it can be argued that it is section 703 which provides that the election shall be made by the partnership, and section 754 simply provides for what happens if it does. Indeed, this view is confirmed by the action of the Congress in enacting section 404 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97–248, 96 Stat. 324, 669, which presumably moots any future cases of the type involved herein. That section provides—

Except as hereafter provided in regulations prescribed by the Secretary of the Treasury or his delegate, nothing in section 6031 of the Internal Revenue Code of 1954 shall be treated as excluding any partnership from the filing requirements of such section for any taxable year if the income tax liability under subtitle A of such Code of any United States person is determined in whole or in part by taking into account (directly or indirectly) partnership items of such partnership for such taxable year.[8]

Given the less than clear statutory and regulatory framework, we will assume for the purpose of decision herein that neither the German partnership nor petitioner on its behalf was to file a U.S. partnership return. However, contrary to petitioner's contention that the filing of a section 754 election is inextricably linked to the filing of a Form 1065, we find that while section 1.6031–1(d)(1), Income Tax Regs., relieves the German partnership of any obligation to file a U.S. partnership return, it does not follow that such relief extends to other

---

[8]The reason given for enacting this provision was "The application of the partnership return filing requirements to certain foreign based partnerships with U.S. partners is unclear." H. Rept. 97–760 (Conf.) (1982), 1982–2 C.B. 600, 662.

types of action (such as a section 754 election) designed to confer a U.S. tax benefit. The legislative history of sections 754 and 743 reveals that when these provisions were enacted, Congress made it crystal clear that the partnership must file a statement of election. H. Rept. 1337, to accompany H.R. 8300, 83d Cong., 2d Sess. A232–233 (1954); S. Rept. 1622, to accompany H.R. 8300, 83d Cong., 2d Sess 406 (1954). To be sure, the legislative committees had in mind U.S. partnerships, but there is no indication that their concerns were so confined. Under the circumstances, we are not inclined to interpret whatever gap there may be in respondent's information return regulations so as to relieve a foreign partnership, or a U.S. partner acting on behalf of such a partnership, of the necessity of making an election with respect to the adjustment of basis pursuant to section 743(b). Therefore, we are still left with the question whether petitioner has established "that an election has been made, so that the [German partnership and its members] are bound." *Tipps v. Commissioner*, 74 T.C. 458, 468 (1980). We conclude that this question should be answered in the negative.

We recognize that the German partnership had in fact made the adjustments to basis of the character contemplated by section 743. But, this action standing alone is not enough; an election must be filed under section 754. *Estate of Skaggs v. Commissioner*, 75 T.C. 191, 206 (1980), affd. per curiam 672 F.2d 756 (9th Cir. 1982). Indeed, petitioner, itself, obviously considered that something more than simply reporting its share of the German partnership loss for 1973 in its fiscal 1974 return was needed and decided to attach the partnership's German tax return. Petitioner's position is that the German tax return revealed sufficient information to put respondent on notice that an adjustment of the character envisaged by section 743(b) had been made and the clear inference to be drawn from the attachment of such return to petitioner's fiscal 1974 return is that it was an election which satisfied the requirements of section 754 and the regulations thereunder. We disagree.

We have examined the cases as to what constitutes a statement of election under various provisions of the Internal Revenue Code and have found that, absent a formal election, a submitted return and its attached schedules must evidence an

affirmative intent on taxpayer's part to make the required election and be bound thereby. E.g., *American Air Filter Co. v. Commissioner*, 81 T.C. 709, 720–723 (1983); *Tipps v. Commissioner, supra* at 468–471; *Hewlett-Packard Co. v. Commissioner*, 67 T.C. 736, 747–750 (1977). Failure to manifest such intent has repeatedly resulted in taxpayer's alleged election being rejected. E.g., *Knight-Ridder Newspapers v. United States*, 743 F.2d 781, 793–797 (11th Cir. 1984); *Young v. Commissioner*, 83 T.C. 831, 839–840 (1984); *Estate of Skaggs v. Commissioner, supra* at 205–208; *Valdes v. Commissioner*, 60 T.C. 910, 913–915 (1973).

Applying these standards to the instant case, we find that the documents constituting petitioner's fiscal 1974 tax return do not make clear that a valid election was made to step up the basis of the German partnership's assets for U.S. tax purposes. To be sure, the parties have stipulated that the German partnership return "lists as the value of each of the German partnership's assets as of January 1, 1973, the amount by which petitioner's basis in its partnership interest in the German partnership immediately after its acquisition of such interest exceeded petitioner's allocable adjusted basis in each of the German partnership's assets." But, it is extremely difficult to extrapolate this date from the enclosure pertaining to petitioner. This is especially true in light of the fact that the enclosure (and the entire German tax return) is in German and that petitioner did not furnish respondent with a translation as part of its claimed election. The difficulty of extrapolation continues to exist, even after the English translation of the enclosure is examined. Concededly, the pertinent figures can be found in the enclosure, but their correlation is far from clear. The hard fact is that petitioner could easily have attached a statement (in English, of course) to its fiscal 1974 return, referring to the attached German partnership return, summarizing what was shown on the return with respect to the adjustments of basis, and affirmatively specifying that it was "electing" to make such adjustments, pursuant to section 754.[9] Such a statement might well, under the circumstances of this case, have been sufficient.

---

[9] Due to its limited-partner status, petitioner lacked formal authority to make a binding election for U.S. tax purposes on behalf of the German partnership unless it obtained a power of attorney as called for in the partnership agreement. However, in light of the fact that the German

In the context of resolving the question of whether petitioner made a valid election, the fact that the issue of basis adjustment appears to have been easily discovered by respondent's agent, during the audit of the returns involved herein, is beside the point. "The Commissioner needs to know that an election has been made in order to determine whether an audit is necessary in the first place and what its scope should be." *Knight-Ridder Newspapers v. United States, supra* at 796. Cf. *Commissioner v. Lane-Wells Co.*, 321 U.S. 219, 223 (1944); *Pleasanton Gravel Co. v. Commissioner*, 64 T.C. 510, 526–527 (1975), affd. 578 F.2d 827 (9th Cir. 1978). The same is true with respect to petitioner's contention that respondent could have sought further information pursuant to the first sentence of section 1.6031–1(d)(2), Income Tax Regs. (p. 1079 *supra*).

We also reject petitioner's plea that its position in this case be sustained on the general principles of equity and fairness. Even if we were inclined to determine that petitioner was entitled to such equitable relief, we would be powerless to grant it, for as we have previously stated, this Court does not have equity jurisdiction. *Pesch v. Commissioner*, 78 T.C. 100, 130–131 (1982); *Lorain Avenue Clinic v. Commissioner*, 31 T.C. 141, 164 (1958).[10]

In sum, we conclude that petitioner, who has the burden of proof (Rule 142(a)), has failed to establish that the required election was made which would permit petitioner to have the benefit of the adjustments to basis pursuant to the provisions of sections 754 and 743. If the tables were turned, and respondent was contending over petitioner's objection that those adjustments should be made, petitioner could argue with impunity that the required election had not been made. See *Valdes v. Commissioner, supra* at 915.

In view of petitioner's concessions of all other issues,

*Decision will be entered for the respondent.*

---

partnership had already stepped up the basis of the partnership's property pursuant to German law at the time petitioner's return was filed, and because Karl Mohring, the general partner of the German partnership, was also the president of petitioner, we doubt that petitioner would have had any difficulty in obtaining such authority. In so stating, we recognize that the German partnership may have been unwilling to authorize petitioner to file a U.S. partnership return (Form 1065) on its behalf (see sec. 1.6031–1(d)(2), Income Tax Regs.), although it appears that even this authority would not necessarily have been refused, since the German partnership was not subject to U.S. tax.

[10]See also *Doner v. Commissioner*, T.C. Memo. 1984–528.