**ATLANTIC VENEER CORPORATION,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 86–2046.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 9, 1986.

Decided Feb. 20, 1987.

Bertrand Morrison Harding, Jr. (Dennis I. Meyer, Thomas A. O'Donnell, Baker & McKenzie, Washington, D.C., on brief) for petitioner-appellant.

Mary Frances Clark (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, David English Carmack, Tax Div., Dept. of Justice, Washington, D.C., on brief) for respondent-appellee.

Before ERVIN and CHAPMAN, Circuit Judges and BUTZNER, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Taxpayer has appealed the Tax Court's decision, 85 T.C. 1075, upholding the Commissioner's denial of depreciation deductions arising out of taxpayer's interest in a foreign partnership. The Commissioner denied the deductions because taxpayer took the deductions from a stepped-up basis, despite the apparent absence of an election under § 754[1], which permits taxpayers pursuant to § 743(b) to take a step-up in basis resulting from the transfer of interest in a partnership by sale or exchange. We affirm the Tax Court, holding that, despite the somewhat confusing statutory and regulatory requirements, taxpayer could not step up its basis without making an appropriate election under § 754, and that taxpayer has failed to comply substantially with the election requirements.

Taxpayer, Atlantic Veneer Corporation, is a North Carolina corporation. On January 1, 1973, taxpayer acquired a one-third interest in a German partnership known as "K. Heinz Mohring (KG)" (the "German partnership"). The German partnership was organized under the laws of the Federal Republic of Germany in a form which, both litigants agree, is essentially identical to a limited partnership under United

---

**1.** All code sections cited in this opinion refer to the Internal Revenue Code of 1954.

States law. The interest acquired by taxpayer in the German partnership was equivalent to a limited partner's interest. The other partners were K. Heinz Mohring, who was both the general partner for the German partnership and taxpayer's chief executive officer, and Transworld Walnut Company, Limited, a Canadian corporation of which taxpayer is a wholly owned subsidiary.

From 1973 to 1978, the German partnership carried on no trade or business within the United States and derived no income from sources within the United States. The German partnership did not file a United States partnership return with the Service during this period. Under the German partnership's Articles of Partnership, the limited partners were not authorized to represent the partnership without a special power of attorney. No such special power was ever requested by or granted to taxpayer that would have authorized it to file a United States tax return on behalf of the German partnership.

Taxpayer paid approximately $5,000,-270.00 for its interest in the German partnership, which amount exceeded by approximately $3,000,255.00 the adjusted basis of taxpayer's allocable one-third interest in the German partnership's assets as of January 1, 1973. Under German tax law, if a partnership interest is acquired for an amount in excess of the acquiring partner's allocable basis in the partnership's assets, the acquiror need not file an election to increase his basis in his share of the partnership's assets. The German partnership, rather, pursuant to German law, simply increased on its books and in its tax returns filed in Germany taxpayer's basis in its share of the partnership's assets by the amount of $3,000,255.00 and allocated this excess among the partnership's assets owned as of January 1, 1973. Thus, German law mandates an automatic step-up in basis of partnership assets when a partnership interest is transferred. The German partnership used this increased adjusted basis in computing taxpayer's distributive share of income and deductions for the German partnership's taxable years from 1973 to 1977.

Taxpayer filed with its United States corporate income tax returns for each of its taxable years from 1974 to 1978 a copy of the German partnership's German income tax return (in German) for its preceding taxable year. Taxpayer did not provide translations of any portion of the German tax returns to the Commissioner for any of the years. Each return did contain a schedule clearly identifying taxpayer's distributive share of the German partnership's income, the rate of exchange used in converting deutsche marks to United States dollars, and a direct reference to the page in the attached German tax return that evidenced that distributive share. This distributive share was computed using a stepped-up basis in the partnership assets. Each appended German partnership tax return, moreover, included a supplement which set forth, on an annual basis, the amount of each partner's allocable adjusted basis in each partnership asset attributable to the excess amount of his purchase price for the partnership interest.

Taxpayer argues that no specific election was required in order for taxpayer to increase its basis in the German partnership's assets because the German partnership was not required to file a United States partnership return. Section 754 grants taxpayers the option of electing out of the rule established in § 743(a), which provides for no step-up in basis upon transfer of partnership property, and into the stepped-up basis treatment in § 743(b). Section 754 specifically requires the statement of election to be filed with a United States partnership tax return. Treas. Reg. § 1.754.1. Treasury Regulation § 1.6031-1 governs when a partnership is required to file a tax return. Subsection (d) states that a "partnership carrying on no business in the United States and deriving no income from sources within the United States need not file a partnership return." Thus, taxpayer asserts that because the German partnership was carrying on no business in the United States, it need not have filed a United States partnership tax return, and because a § 754 election must be filed with the partnership tax return, the German

partnership could not have made a § 754 election to allow for a step-up in basis.

The Commissioner argues that the statutes and accompanying regulations were "clear" in requiring the German partnership to file a United States partnership tax return along with an attached statement of election in order for taxpayer to acquire a step-up in basis. Code § 703 establishes the general rule that any election affecting the taxable income derived from a partnership shall be made by the partnership. Treasury Regulation § 1.6031–1(d)(2) provides that where a United States citizen is a partner in a partnership which is not required to file a United States return because it does no business in the United States, and the citizen desires "an election in accordance with the provisions of § 703 ... to be made by or for the partnership, a return on Form 1065 shall be filed for such partnership.... The filing of one such return for a taxable year of the partnership by a citizen or resident partner shall constitute a filing for the partnership of such partnership return." Thus, a foreign partnership need not file a United States return, but a partner of that partnership who is a United States resident and who wishes to take advantage of an election in accordance with § 703 can file a "return" on Form 1065 on behalf of the partnership, which "return" constitutes a partnership return. Although taxpayer is merely a limited partner in the German partnership and lacks authority to file a return on behalf of the partnership, the Commissioner points out that the realities of the situation, in which taxpayer's chief executive officer and taxpayer's parent company were the only two other partners in the German partnership, effectively rendered authority for filing the return easily obtainable.

■ Although we do not agree with the Commissioner that the election requirements were "clear," we do think that taxpayer's argument simply tries to prove too much. There may have been some ambiguity as to the *manner* or procedure by which the taxpayer was required to evidence to the Commissioner its desire to take a step-up in basis, but the necessity of making that election before taking the step-up is beyond question. Code § 754, an act of Congress, allows taxpayers to opt out of the usual rule governing transfers of partnership interests contained in § 743(a) in order to gain the oftentimes more favorable tax treatment resulting from a step-up in basis, permitted under § 743(b), only by making the appropriate election.

An election under § 754 can be a "two-edged sword," committing the partnership to a position which can, in some circumstances, entail both tax benefits and tax burdens. *Gindes v. United States,* 661 F.2d 194, n. 9, 228 Ct.Cl. 632 (1981), *aff'd,* 740 F.2d 947 (Fed.Cir.), *cert. denied,* 469 U.S. 1074, 105 S.Ct. 569, 83 L.Ed.2d 509 (1984). Because the election can affect partners in different ways, there seems to be a reasonable basis for the rule requiring that the election be made by the partnership. Although taxpayer is correct in its argument that the German partnership was not required to file a United States return, nothing prevented the German partnership from filing such a return if it desired to gain the advantages of a § 754 election.

The German partnership did not file a statement of election with a partnership tax return, nor did taxpayer file a Form 1065 which would have permitted taxpayer to make an election under § 703, and would have constituted a partnership return for the purposes of making that election. Despite its failure to comply with the specific statutory and regulatory requirements for making a § 754 election, taxpayer argues that its attachment of the German tax returns, along with its taking of the step-up in basis, renders it in substantial compliance with the mandates of § 754 so as to permit the basis adjustment. Taxpayer argues that, because the requirement of making an election to gain a step-up in basis is merely "procedural," and not "mandatory," a standard of substantial compliance and not literal compliance should suffice to enable taxpayer to take advantage of the election.

At the heart of the inquiry into whether a particular election is procedural or man-

datory is whether the failure in complying with the literal requirements by the taxpayer goes to the "essence" of the provision, or whether it is merely a relatively ancillary, minor procedural infirmity. The common denominator among the cases seems to be that, at a minimum, the taxpayer needs to provide the Service with sufficient notice of his intent to make the election. *See Knight-Ridder Newspapers, Inc. v. United States,* 743 F.2d 781 (11th Cir.1984). Any failure to comply with the full regulatory and statutory requirements, assuming that the requisite intent has been made clear, gives rise to the secondary inquiry of whether the "essence" of the statutory framework has been violated by the taxpayer's failure to satisfy the literal requirements.

Taxpayer is correct in its contention that certain elements, which comprise the requirements of an election, can be either procedural or mandatory. The actual making of the election itself, particularly where the election is mandated by Congress, cannot be procedural. Because the requirement that the taxpayer provide the Service with notice of his intent to make an election seems to be the minimum criterion for successfully making an election, a failure to provide the Service with proper notice should stand as a failure to make the election itself.

The Tax Court held that taxpayer had failed to provide the Service with notice of its intent to make the § 754 election. The Tax Court rejected taxpayer's argument that the provision of information and data, including the German partnership's German tax returns, was sufficient to show that requisite intent. We find no reason to disturb that determination. In the face of any uncertainty it might have perceived regarding the appropriate method by which it could achieve a step-up in basis, taxpayer should have at least attempted to make apparent to the Service its intention to utilize the optional election under § 754. As the Tax Court opined, a mere one-sentence statement to the effect that taxpayer sought to make the election could have been sufficient to put the Service on notice.

Furthermore, taxpayer was not precluded from having the German partnership file a United States partnership return with an attached statement of election, even though the return was not required.

We hold that taxpayer cannot take advantage of the step-up in basis under § 743(b) without first making an appropriate election under § 754. Because taxpayer had failed to make that election, either literally or "substantially," we affirm the decision of the Tax Court determining deficiencies in income tax.

AFFIRMED.