ESTATE OF ROBERT R. McCANTS, DECEASED, LAWRENCE L. McCANTS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of McCants v. Commissioner
Docket No. 5176-89
United States Tax Court
T.C. Memo 1991-90; 1991 Tax Ct. Memo LEXIS 109; 61 T.C.M. (CCH) 2038; T.C.M. (RIA) 91090; March 4, 1991, Filed *109 An appropriate decision will be entered. Sheldon H. Smith, for the petitioner. Robert A. Varra, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined a deficiency in Federal estate tax of the Estate of Robert R. McCants in the amount of $ 51,237.60. By amended answer, respondent asserted an addition to the tax in the amount of $ 12,809, pursuant to section 6651(a)(1), [1] for failure to timely file a return. After concession, the issues remaining for decision are: 1) Whether the interest in decedent's property which passed to the surviving spouse qualifies for the marital deduction; and 2) whether petitioner is subject to an addition to the tax pursuant to section 6651(a)(1). Robert R. McCants, the decedent, died testate on December 4, 1984. *110 Lawrence L. McCants is the executor of the Estate of Robert R. McCants (Estate). At the time the petition was filed, Lawrence L. McCants resided in Goodland, Kansas. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated by reference. Decedent was survived by his wife, Marjorie McCants. Decedent's will was executed on September 10, 1984. On the same date, decedent established the Robert R. McCants Trust (Trust). Under the will, decedent's entire estate passed to the Trust. The Trust provides, after decedent's death, that the trust property is to be held for the benefit of the surviving spouse. Income from the Trust is to be distributed at least quarterly, and the trustees have discretionary power to distribute Trust principal to the surviving spouse. The Trust gives the surviving spouse a limited testamentary power of appointment over any Trust property remaining at her death. [2]
*111 A Form 706, United States Estate Tax Return (Return), for the Estate was filed on February 3, 1986, in an envelope postmarked January 31, 1986. The amount of tax shown on the return was computed as if the marital deduction were claimed for all the property included in decedent's Estate. On page 2 of the return, the question "Do you elect to claim a marital deduction for an otherwise nondeductible interest under section 2056(b)(7)?" was answered "No." On Schedule M, Bequests, etc., to Surviving Spouse, attached to the return, the Estate claimed property passed to Mrs. McCants in the amount of $ 494,731.88. The Estate did not designate any property listed on Schedule M as qualified terminable interest property. Respondent disallowed all of the marital deduction because the life income interest passing to decedent's spouse will terminate upon the death of decedent's spouse, and petitioner has not established an election was made to treat any portion of the property passing to decedent's surviving spouse as qualified terminable interest property (QTIP). The statutory framework for QTIP is found in section 2056(b)(7). QTIP is defined as property 1) which passes from the *112 decedent; 2) in which the surviving spouse has a qualifying income interest for life; and 3) to which an election under section 2056(b)(7) has been made. The parties agree the first two elements of the definition have been met but are at odds concerning the third. Section 2056(b)(7)(B)(v) provides a section 2056(b)(7) election "shall be made by the executor on the return of tax imposed by section 2001. Such an election, once made, shall be irrevocable." Petitioner argues respondent and the Court should ignore petitioner's negative answer to the QTIP question on page 2 of the estate tax return. Petitioner, instead, asks us to find the estate tax return as a whole indicates an intention to make the QTIP election. Respondent maintains the estate tax return does not support petitioner's contention. We agree with respondent. Petitioner has the burden of proof. Rule 142; Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933). The fact the case was submitted fully stipulated under Rule 122(a) does not alter the burden of proof. Rule 122(b). In examining petitioner's estate tax return for evidence of an intention to make a QTIP election, we apply the standard developed by *113 case law as summarized in Atlantic Veneer Corp. v. Commissioner, 85 T.C. 1075, 1082-1083 (1985), affd. 812 F.2d 158 (4th Cir. 1987): absent a formal election, a submitted return and its attached schedules must evidence an affirmative intent on taxpayer's part to make the required election and be bound thereby. E.g., American Air Filter Co. v. Commissioner, 81 T.C. 709, 720-723 (1983); Tipps v. Commissioner, * * * [74 T.C. 458, 468-471 (1980)]; Hewlett-Packard Co. v. Commissioner, 67 T.C. 736, 747-750 (1977). Failure to manifest such intent has repeatedly resulted in the taxpayer's alleged election being rejected. E.g., Knight-Ridder Newspapers v. United States, 743 F.2d 781, 793-797 (11th Cir. 1984); Young v. Commissioner, 83 T.C. 831, 839-840 (1984); Estate of Skaggs v. Commissioner, * * * [75 T.C. 191, 205-208 (1980), affd. per curiam 672 F.2d 756 (9th Cir. 1982)]; Valdes v. Commissioner, 60 T.C. 910, 913-915 (1973). [Emphasis supplied.]
Estate of Higgins v. Commissioner, 91 T.C. 61 (1988), *114 affd. 897 F.2d 856 (6th Cir. 1990), is directly on point. In that case, the Court stated: "An unequivocal manifestation of an affirmative intent to make the election of QTIP treatment on the estate tax return is, * * * required." Estate of Higgins v. Commissioner, supra at 69. The Court continued: the QTIP election carries with it burdens as well as the benefit of a marital deduction for the electing estate. The essence of the election requirement is that the executor of the spouse first to die unequivocally communicate his election and implicit agreement to accept the burdens as well as the benefits of the tax treatment afforded by the section. [Estate of Higgins v. Commissioner, supra at 70.]
In the instant case, we find no evidence of an election on decedent's estate tax return. The directions for the estate tax return have two requirements for making the election. They are: 1. Answer the QTIP question on page 2 of the return in the affirmative; and 2. For estates in excess of $ 500,000, [3] property for which the election is made must be included on Schedule M and clearly marked as QTIP. *115 Petitioner failed both these requirements. He answered the QTIP question in the negative and he did not mark any of the property on Schedule M as QTIP. Accordingly, we hold the Estate did not make a valid section 2056(b)(7) election. The remaining issue for decision is whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failing to timely file a return. This issue is a new issue raised by respondent in his amendment to answer. Respondent has the burden of proof. Rule 142(a). Decedent died on December 4, 1984. Pursuant to section 6075(a), the Estate was required to file the estate tax return within nine months of decedent's death. The return was received by the Austin Service Center on February 3, 1986, in an envelope postmarked January 31, 1986. This is nearly 14 months after the death and five months after the return was due. We hold section 6651(a)(1) applies and sustain an addition to *116 tax of 25 percent of the tax required to be shown on the return. An appropriate decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect as of the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Because the surviving spouse does not have a general power of appointment, section 2056(b)(5)↩ does not apply.
3. The parties have stipulated the value of decedent's gross estate is $ 528,191.36.↩