2 F.3d 1157
 73 A.F.T.R.2d 94-1858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Leif ROKKE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-70722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1993.*
Decided Aug. 6, 1993.
 
 Before: WRIGHT, BEEZER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Background
 
 2
 Rokke compiled a document entitled, "Macro Economics Study, Collection of Data." It consisted of his five-page analysis and appended materials (primarily magazine and newspaper clippings).
 
 
 3
 In 1986, he mailed a copy of this document to President Reagan and other federal officials. On his 1986 tax return, he reported $250,000 as the fair market value of the contribution.[1] Based on that value, he claimed a deduction of 50% of his adjusted gross income, as allowed by I.R.C. Sec. 170(a)-(b). In 1987, Rokke claimed a carryover deduction for the 1986 contribution, as allowed by I.R.C. Sec. 170(d)(1)(A).
 
 
 4
 In a 1991 deficiency notice, the Commissioner limited Rokke's 1986 deduction to $3,421, his cost basis in the contribution, and disallowed the 1987 deduction. The Commissioner also assessed penalties against Rokke under I.R.C. Secs. 6653(a)(1)(A) and 6659. Rokke appealed to the tax court.
 
 
 5
 The tax court held that Rokke's contribution was a service. Because contributions of services may not be deducted from adjusted gross income, the tax court upheld the Commissioner's limitation of Rokke's 1986 deduction and its disallowance of his 1987 deduction. The tax court also affirmed the penalty assessed under Sec. 6653(a)(1)(A). It disallowed the penalty under Sec. 6659. Rokke appeals pro se.
 
 II. Charitable Contribution Deduction
 
 6
 Rokke contends he was entitled to deduct the fair market value of his contribution, under I.R.C. Sec. 170(a)-(b). He argues that the tax court erred in characterizing his contribution as a service. He believes that it was a capital asset. We affirm the tax court on other grounds.
 
 
 7
 We review de novo a tax court's conclusions of law. Ball, Ball and Brosamer, Inc. v. Commissioner, 964 F.2d 890, 891 (9th Cir.1992). Findings of fact are reviewed for clear error. Geneva Drive-In Theater v. Commissioner, 622 F.2d 995, 996 (9th Cir.1980).
 
 
 8
 The contribution was neither a service, as the tax court held, nor a capital asset, as Rokke contends. He contributed ordinary income property, for which he is entitled to deduct, at most, his cost basis. The Commissioner correctly limited Rokke's deduction.
 
 
 9
 The tax court properly found that part of Rokke's contribution was a letter. A letter in the possession of its author is specifically excluded from the definition of a capital asset under I.R.C. Sec. 1221(3). See Treas.Reg. Sec. 1.170A-4(b)(1). Consequently, under I.R.C. Sec. 170(e)(1)(A), such a letter is considered ordinary income property. Morrison v. Commissioner, 71 T.C. 683, 688-689 (1979), aff'd per curiam 611 F.2d 98 (5th Cir.1980) (items excluded from definition of capital asset under Sec. 1221(3) are ordinary income).
 
 
 10
 Rokke also appended several hundred pages of newspaper and magazine clippings to this letter. Collections of news clippings are also ordinary income property under Sec. 1221(3). Chronicle Publishing Co. v. Commissioner, 97 T.C. 445, 448 (1991) (clippings library is "similar property" referred to in Sec. 1221(3), and therefore ordinary income property under Sec. 170(e)(1)(A)).
 
 
 11
 Based on these findings, we hold that Rokke contributed ordinary income property to the United States. His contention that he contributed a capital asset fails, because under the terms of Sec. 170(e)(1)(A), ordinary income property cannot be a capital asset.
 
 
 12
 The tax court incorrectly held that Rokke contributed a service. A contribution cannot be both a service and ordinary income property. Where contributions have consisted of both property and services, courts have held them to be property where there is a "coalescence" of the property and service into a separate piece of tangible property. Holmes v. Commissioner, 57 T.C. 430, 436-437 (1971) (taxpayer's services "coalesced" with blank film to create separate piece of property); Goss v. Commissioner, 59 T.C. 594, 596 (1973) (completed essays formed something different from taxpayer's services and blank paper on which they were printed). See also Jarre v. Commissioner, 64 T.C. 183 (1975) (music manuscripts); Cupler v. Commissioner, 64 T.C. 946 (1975) (heart-lung machine); but see Grant v. Commissioner, 84 T.C. 809 (1985), aff'd per curiam, 800 F.2d 260 (4th Cir.1986) (legal services not like "coalesced" property although tangible briefs and memorandum resulted from rendering of services); Lary v. Commissioner, 608 F.Supp. 258 (N.D.Ala.1985), aff'd per curiam, 787 F.2d 1538 (11th Cir.1986) (donation of blood is a service under Sec. 170).
 
 
 13
 The value of Rokke's collection of articles, the blank paper on which he typed his letter, and his analysis of the national economic crisis also "coalesced" into a separate piece of property. That property was a tangible "study," which he could have attempted to sell, and to which attached some (albeit minimal) market value.
 
 III. Negligence Penalty
 
 14
 Rokke contends that he is not liable for a negligence penalty under Sec. 6653(a). He submits that the tax court and the Commissioner "agreed that his deduction was legitimate," by allowing him to deduct his $3,421 cost basis, and that the tax court disallowed the penalty for overvaluation. He argues that these facts show that he was not negligent. There is no merit to this argument. We review a tax court's affirmance of negligence penalties under the clearly erroneous standard. Hildebrand v. Commissioner, 967 F.2d 350, 353 (9th Cir.1992).
 
 
 15
 The tax court affirmed the Commissioner's assessment of a negligence penalty under Sec. 6653(a), based on evidence that Rokke had made a similar contribution in 1973 to the Naval Weapons Center in China Lake. In that case the tax court made clear to Rokke the significance of the fact that he had contributed ordinary income property. From this, the court concluded that Rokke had substantial experience with the tax law in this area and upheld the Commissioner's assessment. There was no clear error in its ruling.
 
 IV. Motion for Removal to District Court
 
 16
 Rokke contends that the tax court erred in denying his motion for removal of his case to the district court. Rokke seems to believe that he is constitutionally entitled to either a jury trial in the tax court or removal to the district court. He is wrong. We review removal issues de novo. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir.1988).
 
 
 17
 There is no right to a jury trial in tax court. Masat v. Commissioner, 784 F.2d 573, 577 (5th Cir.1986). Also, once a taxpayer seeks relief in a tax court, he loses his right to go to the district court. I.R.C. Sec. 6512(a); First Nat'l Bank of Chicago v. United States, 792 F.2d 954, 956 (9th Cir.1986), cert. denied, 479 U.S. 1064 (1987).
 
 V. Costs
 
 18
 Rokke contends that he is entitled to costs because, "the appeals process is so complicated and such a vexatious as well as resource consuming, high stress, traumatic experience". His contention is meritless.
 
 
 19
 Rokke is not entitled to costs. He was not a prevailing party.
 
 VI. Motion for Reconsideration
 
 20
 Rokke contends that the tax court erred in denying, without explanation, his motion for reconsideration. He argues that this rendered him unable to, "defend against this contribution of services allegation in preparation for and during the trial." His contention is meritless. We review such motions for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991).
 
 
 21
 Reconsideration is not a matter of right, but is discretionary. Id. at 1442. Denial of such a motion cannot, by itself, constitute a denial of due process.
 
 
 22
 There was no abuse of discretion.
 
 
 23
 We affirm the tax court, but reject its holding that Rokke's contribution was a service.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As amended in 1990