William E. NEELY and Irene R. Neely, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–4359.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 4, 1985.*

Decided Nov. 7, 1985.

Cir.R. 3(f) and Fed.R.App.P. 34(a).

Barbara J. Rose, Milwaukie, Or., for plaintiffs-appellants.

Glenn L. Archer, Jr. Asst. Atty. Gen., Michael L. Paup, Richard Farber, Martha B. Brissette, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and REED,** District Judge.

EDWARD C. REED, Jr., District Judge:

The appellants, Mr. and Mrs. Neely, brought suit for refund of amounts they paid for deficiencies and for negligence penalties arising from their 1978 and 1979 individual income tax returns. They appeal from a summary judgment of dismissal entered in favor of the United States.

The basis for the deficiency and penalty assessments was reallocation of income to the Neelys from a "family trust" created by Mr. Neely and disallowance as deductions of personal expenses of the Neelys. The case of *Hanson v. Commissioner*, 696 F.2d 1232 (9th Cir.1983) involved facts strikingly similar to this case. Family trusts were set up in both cases using

** Honorable Edward C. Reed, Jr., Acting Chief United States District Judge for the District of Nevada, sitting by designation.

forms, materials and step-by-step instructions bought from the Institute of Individual Religious Studies. The family residences were transferred to the respective trusts. The trustees of both trusts were empowered to pay compensation to officers, employees and agents of the trusts, including themselves. The term of each trust was 25 years unless the trustees unanimously decided on an earlier termination date because of "good and sufficient reason necessary to protect or conserve trust assets." In each case the wife conveyed her property to her husband, who immediately conveyed it to the trust along with his own property. The grantor-husbands received no beneficial interests in the trusts, but their wives did. The wife and a third party originally were designated as trustees in each case. However, within a day or two the husbands also were named as trustees. Family automobiles were leased to both trusts. The Neelys and the Hansons were designated executive trustees of their respective trusts, with the trusts to bear all their trust-related expenses and to pay premiums for insurance coverage for them. Both couples continued to use and enjoy the property that had been conveyed and leased to their trusts.

There were only a few factual differences between the *Hanson* and Neely cases. The Hansons, in a separate document, assigned their income to their trust; the Neelys did not. All of the Hansons' personal expenses were paid from trust funds. The Neelys, who retained cash and some income-producing assets in their own names, paid what they considered to be their personal expenses with their own money. The Hansons divorced after their trust had been created. In their marital separation agreement they divided their personal effects in total disregard of the trust. The record does not reflect any divorce of the Neelys. *See id.* at 1233.

The *Hanson* court held that the trust had no economic substance, that it was in violation of the grantor trust provisions of the Internal Revenue Code, and that the Hansons had been negligent in putting faith in such a flagrant tax avoidance scheme that had been repeatedly rejected by the courts. It affirmed the judgment against the Hansons for unpaid taxes and penalties. *Id.* at 1234. The reasoning is equally applicable here.

The Neelys' transfer of the title of assets to a trust while retaining their use and enjoyment is a sham transaction that will not be recognized for tax purposes. A sham transaction is one having no economic effect other than to create income tax losses. *Zmuda v. Commissioner*, 731 F.2d 1417, 1421 (9th Cir.1984), *citing Thompson v. Commissioner*, 631 F.2d 642, 646 (9th Cir.1980). Even where a taxpayer has structured a transaction so that it satisfies the formal requirements of the Internal Revenue Code, legal effect will be denied it if its sole purpose is to evade taxation. *Id.* A trust arrangement may not be used to turn a family's personal activities into trust activities, with the family expenses becoming expenses of trust administration. *Schulz v. Commissioner*, 686 F.2d 490, 493 (7th Cir.1982).

The Neelys contend that all expenses incurred in connection with the creation and management of the trust should be deductible under 26 U.S.C. § 212 (1982) as having been expended for the production of income or for the management, conservation or maintenance of property held for the production of income. It has been held that the costs of establishing a family trust, including materials such as Mr. Neely purchased from the Institute of Individual Religious Studies, are nondeductible personal expenses. *Holman v. United States*, 728 F.2d 462, 465 (10th Cir.1984); *Gran v. Commissioner*, 664 F.2d 199, 200 (8th Cir. 1981).

The arrangement also runs afoul of the grantor trust provisions of the Internal Revenue Code. Under 26 U.S.C. §§ 671–677 (1982), a grantor of a trust who has retained certain powers of disposition which may be exercised without the approval or consent of an adverse party is treated as the owner of the trust and, thus, is taxed individually. *Vnuk v. Commis-*

*sioner,* 621 F.2d 1318, 1321 (8th Cir.1980); *Schulz v. Commissioner,* 686 F.2d at 495. The grantor's naming of himself as trustee is not *per se* an undue retention of the control incidents of ownership. *Kuney v. United States,* 524 F.2d 795, 796 n. 2 (9th Cir.1975). However, where he has the discretion to distribute trust income to his spouse without the consent of an adverse party, he must be taxed as the owner. 26 U.S.C. § 677(a)(1); *Schulz v. Commissioner,* 686 F.2d at 497. The majority of the trustees of the Neely trust are empowered to distribute income to the holders of certificates of beneficial interest. Mrs. Neely is such a holder. Where the trustees may act by majority vote, the presence of one adverse party trustee does not save the plan from being treated as a grantor trust. *Id.* at 495.

■ Mrs. Neely's transfer of her assets to her husband, so that he then could convey them to the trust, does not alter her status as a grantor. The same type of transfer occurred in *Schulz* and the Seventh Circuit treated the wife as a grantor. It said that such a conveyance from wife to husband could be ignored either because substance predominates over form in tax matters or because the parties themselves did not treat the conveyance as either a sale or a gift. 686 F.2d at 496. As cograntor, the wife in *Schulz* was not viewed as an adverse party to her husband. *Id.*

The trustees of the Neely trust are Neely, Mrs. Neely and Russell W. Wilson. The Neelys contend that Wilson holds a substantial beneficial interest in the trust as fiduciary on behalf of the Church of God. However, even assuming that Wilson is an adverse party, a simple majority of the trustees are empowered to distribute trust income, and therefore, the Neelys, as cograntors, can distribute income to themselves without Wilson's consent. As a result, the grantor trust provisions of 26 U.S.C. §§ 671–677 require that the Neelys be held liable for the taxes on income arising from the trust's assets. *See* 26 U.S.C. § 677(a)(1).

■ By letter dated January 30, 1979, Mr. Neely interpreted his declaration of trust as requiring the approval of independent trustee Wilson before any trustee action would be effective. However, this letter has no binding legal effect; any change to be effective would have to be made in the trust instrument itself. The letter could not alter the tax consequences flowing from the terms of the trust agreement. *See Gaylord v. Commissioner,* 153 F.2d 408, 415 (9th Cir.1946).

■ 26 U.S.C. § 6653(a)(1) (1985 Supp.) provides that "there shall be added to the tax" a penalty for underpayment due to negligence. Such penalties were assessed against the Neelys. The Commissioner's imposition of a penalty is presumptively correct; it must stand unless the taxpayers can prove that they were not negligent. *Hall v. Commissioner,* 729 F.2d 632, 635 (9th Cir.1984); *accord Delaney v. Commissioner,* 743 F.2d 670, 672 (9th Cir.1984).

■ A negligence penalty may be appropriate where tax liability has been deflected by the taxpayer to another entity. *Duncan v. Commissioner,* 756 F.2d 747, 748 (9th Cir.1985). Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Marcello v. Commissioner,* 380 F.2d 499, 506 (5th Cir. 1967), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968); *Zmuda v. Commissioner,* 731 F.2d at 1422. Reasonable inquiry as to the legality of the tax plan is required, including the procurement of independent legal advice when it is common knowledge that the plan is questionable. *Id.* Thus, even an unsettled state of the law would not preclude a finding of negligence. *Id.* Nor does the taxpayer's desire to litigate the legality of his plan. *Druker v. Commissioner,* 697 F.2d 46, 53–54 (2nd Cir.1982), *cert. denied* 461 U.S. 957, 103 S.Ct. 2429, 77 L.Ed.2d 1316 (1983).

The *Hanson* case was decided by the Ninth Circuit on January 17, 1983. It dealt with a declaration of trust that had been executed January 10, 1977. The final para-

graph of the opinion, at 696 F.2d 1234, reads:

> Moreover, the Tax Court found that the Hansons were patently negligent in putting their faith in this "flagrant tax avoidance scheme" repeatedly rejected by the courts. No reasonable person would have trusted this scheme to work. It was obviously without economic substance, was an anticipatory assignment of income, and was in violation of the grantor trust provisions.

The Neelys have not raised any genuine issue of fact that, if established, would indicate they were not negligent.

AFFIRMED.