508 CLINTON STREET CORP., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5845-86.          Filed August 25, 1987.

*Steven J. Schaffer,* for the petitioner.
*C. Ellen Pilsecker,* for the respondent.

OPINION

STERRETT, *Chief Judge*: By notice of deficiency dated December 6, 1985, respondent determined deficiencies in petitioner's Federal personal holding company tax for the taxable years ended September 30, 1979, and September 30, 1982, in the amounts of $30,762 and $37,093, respectively.

The stipulation of settled issues is incorporated herein by this reference. Petitioner concedes that it is liable for the full amount of the determined deficiencies. The only issue presented is whether respondent's denial of petitioner's request to abate the interest assessments attributable to the deficiencies violates the provisions of section 6404(e).[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (the Code) as in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.
Sec. 6404(e) was added to the Code by sec. 1563(a) of the Tax Reform Act of 1986 (the act),

We first must decide whether the Court has jurisdiction to consider this issue.[2]

Petitioner 508 Clinton Street Corp. is a corporation whose principal office was located in West Orange, New Jersey, at the time it filed its petition in this case. Petitioner filed Federal income tax returns for fiscal years ended September 30, and filed its returns for the taxable years in issue with the Internal Revenue Service Center in Holtsville, New York.

Petitioner argues that respondent improperly denied petitioner's request to abate the interest on the deficiencies determined in petitioner's personal holding company taxes. Petitioner argues that the interest assessments are attributable to respondent's delay (and ultimate failure) to issue a Determination of Liability for Personal Holding Company Tax, Form 2198, in accordance with section 547(c),[3] as petitioner had requested. Petitioner characterizes respondent's actions as a prime example of a delay in performing a ministerial act, as set forth in the interest abatement provisions in section 6404(e). Respondent argues that just as this Court lacks jurisdiction over the assessment of interest on deficiencies, it also lacks jurisdiction over the abatement of any such assessment under section 6404(e).

Section 6404 provides in relevant part as follows:

Pub. L. 99-514, 100 Stat. 2085, 2762. It generally applies to interest accruing with respect to deficiencies or payments for taxable years beginning after Dec. 31, 1978. Sec. 1563(b)(1) of the act. Accordingly, sec. 6404(e) is inapplicable to petitioner's taxable year ended Sept. 30, 1979, which commenced on Oct. 1, 1978.

[2]We note that this issue was raised for the first time in the parties' trial memoranda. The Court may refuse to consider a new issue raised for the first time by a party in its trial memorandum or on brief where our consideration of such argument would surprise or prejudice the opposing party. See Gordon v. Commissioner, 85 T.C. 309, 331 n. 16 (1985); Fox Chevrolet, Inc. v. Commissioner, 76 T.C. 708, 733-736 (1981). Clearly, there cannot be any such surprise or prejudice here, as both parties have presented their positions on this issue in their trial memoranda and on brief.

The question of the Court's jurisdiction over sec. 6404(e) also was raised for the first time in the parties' trial memoranda rather than upon any formal motion. However, either party may question our jurisdiction at any time, and the Court may raise this question sua sponte. Brown v. Commissioner, 78 T.C. 215, 218 (1982). The question of jurisdiction is fundamental and once raised must be addressed. Naftel v. Commissioner, 85 T.C. 527, 530 (1985); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960).

[3]Sec. 547(a) allows a deduction for "deficiency dividends," as defined in sec. 547(d), for purposes of determining a taxpayer's personal holding company tax liability under sec. 541. A prerequisite to such deduction is a "determination," as defined in sec. 547(c), which establishes the taxpayer's liability for personal holding company tax. Petitioner alleges that respondent's failure to issue the requested determination precluded petitioner from paying deficiency dividends which would have avoided the deficiencies in its personal holding company tax.

SEC. 6404. ABATEMENTS.

(e) ASSESSMENTS OF INTEREST ATTRIBUTABLE TO ERRORS AND DELAYS BY INTERNAL REVENUE SERVICE.—

(1) IN GENERAL.—In the case of any assessment of interest on—

(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act,

\*    \*    \*    \*    \*    \*    \*

the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

It is well established that the Tax Court is a court of limited jurisdiction, fixed solely by statute. See sec. 7442; *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 420-422 (1943); *Judge v. Commissioner*, 88 T.C. 1175, 1180-1181 (1987), and cases cited therein; *Breman v. Commissioner*, 66 T.C. 61, 66 (1976); Rule 13. As a general rule, this Court lacks jurisdiction over issues involving interest. See, e.g., *Standard Oil Co. v. McMahon*, 244 F.2d 11, 13 (2d Cir. 1957); *Commissioner v. Kilpatrick's Estate*, 140 F.2d 887, 888-889 (6th Cir. 1944), affg. a Memorandum Opinion of this Court;[4] *LTV Corp. v. Commissioner*, 64 T.C. 589, 597 (1975); *Chapman v. Commissioner*, 14 T.C. 943, 946-947 (1950), affd. 191 F.2d 816 (9th Cir. 1951). The issue presented herein does not involve any of the recognized exceptions to this general rule, for example, interest assessed at the same time and in connection with a jeopardy assessment under section 6861 (see *Papa v. Commissioner*, 55 T.C. 1140, 1143 (1971)); interest liability of a transferee under section 6901 (see *Lowy v. Commissioner*, 35 T.C. 393 (1960)); or interest which is part of an overpayment (see *Estate of Baumgardner v. Commissioner*, 85 T.C. 445, 448-449 and n. 8 (1985)).

We agree with respondent that the Court does not have jurisdiction over the interest abatement issue. Since petitioner filed its petition with this Court, respondent has been enjoined from making assessments with respect to the determined deficiencies in petitioner's personal holding com-

---

[4] CCH B.T.A. Memo Dec. 12,554-H at 38,388, 11 P-H Memo B.T.A. par. 42,335 (1942).

pany tax until our decision becomes final. Sec. 6213(a); see sec. 7481. As stated in *Estate of Baumgardner v. Commissioner*, 85 T.C. at 452—

As a practical matter, this Court would find it difficult to exercise jurisdiction over interest upon a deficiency. Interest does not accrue upon a deficiency, but only upon the existence of an underpayment. Sec. 6601. In order for a deficiency or tax to be unpaid, the amount must be assessed or assessable. Section 6213 limits the ability of respondent to assess a deficiency until the decision of the Tax Court becomes final. Accordingly, as a practical matter, we would have logistic difficulty exercising jurisdiction over interest on an unpaid and unassessed deficiency.

Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest, which has not yet occurred in this case. See secs. 6201 and 6203.[5]

We reject petitioner's argument that, because respondent has discretion to abate assessments of interest under section 6404(e), the concept of interest now falls within the purview of a deficiency because the definition of a deficiency refers to "rebates." Sec. 6211(a) and (b)(2);[6] sec. 301.6211-

---

[5]Sec. 6201 provides in relevant part as follows:

SEC. 6201. ASSESSMENT AUTHORITY.

(a) AUTHORITY OF SECRETARY.—The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (*including interest*, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. * * * [Emphasis added.]

Sec. 6203 provides in relevant part as follows:

SEC. 6203. METHOD OF ASSESSMENT.

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. * * *

[6]Sec. 6211 provides in relevant part as follows:

SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amounts of rebates, as defined in subsection (b)(2), made.

(b) RULES FOR APPLICATION OF SUBSECTION (A).—For purposes of this section—

    *        *        *        *        *        *        *

1(a), Proced. & Admin. Regs. We do not dispute that factual questions may arise under section 6404(e) such that interest may no longer be an inflexible mathematical calculation.[7] Nevertheless, section 6404(e) cannot operate until our decision with respect to petitioner's underlying deficiencies becomes final, after which respondent may assess such deficiencies, including the interest attributable thereto.

Finally, we must reject petitioner's alternative argument that, as a form of equitable relief, we have the authority to order respondent to abate the interest assessments. However sympathetic we might be to petitioner's plight, our jurisdiction to grant equitable relief is strictly limited and exists only to the extent specifically enumerated by statute. *Kellogg v. Commissioner*, 88 T.C. 167, 176 (1987); *Atlantic Veneer Corp. v. Commissioner*, 85 T.C. 1075, 1084 (1985), affd. 812 F.2d 158 (4th Cir. 1987); *Estate of Rosenberg v. Commissioner*, 73 T.C. 1014, 1017-1018 (1980), and cases cited therein.[8]

We note that the legislative history of section 6404(e) does not use the term "assessment." See H. Rept. 99-841 (Conf.) (1986), 1986-3 C.B. (Vol. 4) 1, 810-811; S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 1, 208-209; H. Rept. 99-426 (1986), 1986-3 C.B. (Vol. 2) 1, 844-845. Therefore, it is possible that Congress inadvertently failed to confer jurisdiction upon the Tax Court to consider issues arising under section 6404(e). However, if that be the case, it is the exclusive province of the legislature to rectify such over-

---

(2) The term "rebate" means so much of an abatement, credit, refund, or other payment, as was made on the ground that the tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45 was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made.

[7]The legislative history of sec. 6404(e) states that, for example, a substantial and unusual delay in the issuance of a statutory notice of deficiency after a taxpayer and respondent have completed efforts to resolve a matter could be grounds for abatement of interest. Other issues likely to arise include whether the purported error or delay occurred during respondent's performance of a ministerial act, whether a significant aspect of such error or delay is attributable to the taxpayer involved, and whether respondent has abused his discretion in denying the taxpayer's request for an abatement. H. Rept. 99-841 (Conf.)(1986), 1986-3 C.B. (Vol. 4) 1, 810-811; S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 1, 208-209; H. Rept. 99-426 (1986), 1986-3 C.B. (Vol. 2) 1, 844-845. We note that respondent has defined "ministerial act" in temporary regulations. Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

[8]Based upon the express language of sec. 6404(e), we need not address petitioner's argument that interest now may be considered as an addition to tax so that we would have jurisdiction over the interest abatement issue by statutory authority, by analogy to *Estate of DiRezza v. Commissioner*, 78 T.C. 19 (1982), and to sec. 6662, which provides that the term "tax" shall be deemed to refer to certain additions to tax, additional amounts, and penalties.

sight if it should so desire, for example, by an express grant of jurisdiction or by its revision of the statutory language to include abatements of interest attributable to determined deficiencies which are not yet assessed.[9]

Accordingly, we conclude that this Court lacks jurisdiction to consider the interest abatement issue raised under section 6404(e).

*An appropriate order will be entered.*

[9]See, e.g., sec. 6621(c)(4), which provides that "In the case of any proceeding in the Tax Court for a redetermination of a deficiency, the Tax Court shall also have jurisdiction to determine the portion (if any) of such deficiency which is a substantial underpayment attributable to tax motivated transactions." See also sec. 6214(a), as amended by sec. 1554 of the act, which confers jurisdiction upon this Court over the addition to tax for failure to pay the amount of tax shown on a taxpayer's return, in response to our holding in *Estate of Young v. Commissioner*, 81 T.C. 879 (1983), as explained in H. Rept. 99-841 (Conf.)(1986), 1986-3 C.B. (Vol. 4) 1, 804.

