ADAM LEROY SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 26958-88
United States Tax Court
T.C. Memo 1991-8; 1991 Tax Ct. Memo LEXIS 8; 61 T.C.M. (CCH) 1645; T.C.M. (RIA) 91008; January 14, 1991, Filed *8 Decision will be entered for the respondent. Adam Leroy Smith, pro se. Michael T. Breen and Donald W. Williamson, Jr., for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION By a notice of deficiency dated September 6, 1988, respondent determined a deficiency in the amount of $ 821 for petitioner's 1985 taxable year. [1] The Form W-2 issued to petitioner for 1985 reported $ 4,957.17 as "wages, tips and other compensation" and $ 5,680 as "allocated tips." The deficiency resulted from petitioner's failure to report $ 5,680 in allocated tip income. Petitioner explained that he thought that the $ 4,957.17 included all wage and tip income. Petitioner timely filed a petition which put in issue the amount of income and the "penalties I have been unfairly assessed." At the time that petitioner filed the petition, he was a resident of California. *9 The case was calendared for trial on November 13, 1989. At that time, petitioner conceded that respondent's inclusion of the additional income and the determination of the deficiency were correct. He would not sign a stipulated decision, however, because he believed that the interest on the deficiency was "unfair." His only authority for this position is a vague reference to in the so-called Taxpayer's Bill of Rights amendment to the Internal Revenue Code. We have examined the interest provisions in the Internal Revenue Code and find that only two provisions are even remotely applicable. Section 6601 [2] provides that interest on the deficiency "shall be paid." The rate of interest is prescribed by section 6621. Generally, in the context of a deficiency determination, this Court has no jurisdiction over questions involving interest on the deficiency. See LTV Corp. v. Commissioner, 64 T.C. 589, 596 (1975). Our jurisdiction over questions involving interest, however, has been expanded by two provisions. [3] First, section 6404(e)(1)(A) provides that in the case of any assessment of interest on "any deficiency attributable in whole or in part to any error or delay by an officer *10 or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, * * * the Secretary may abate the assessment." We held in 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987), that this Court lacks jurisdiction to address the interest abatement issue raised under section 6404(e). We therein noted that "Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest." 89 T.C. at 355. In this case, like 508 Clinton Street Corp., no assessment has been made because petitioner filed a petition with this Court. See section 6213(a) and compare section 6215(a). Section 6404(e), therefore, does not provide an exception to the general rule discussed above. Marine v. Commissioner, 92 T.C. 958, 994 (1989). *11 The only other provision that affects the general rule is section 7481(c). That provision applies where "the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary" and where a decision of the Tax Court has become final. This provision obviously has no bearing on the issue at hand. Finally, we have great difficulty with petitioner's argument that respondent was somehow at fault for petitioner's failure to report income that was clearly shown on the Form W-2. Petitioner reported less than half of his income. Even if we assume that the Form W-2 supplied by the employer was misleading, petitioner surely was aware that he earned more income than he reported. A taxpayer cannot rely on an erroneous form when he knows that the form is incorrect. Decision will be entered for the respondent. Footnotes
1. This case was originally filed under the so-called "small case" procedure. See section 7463 of the Internal Revenue Code of 1954↩. By order dated November 13, 1989, the Court removed the case from the small case procedure.
2. Section references are to the Internal Revenue Code of 1954 as in effect for the year in issue.↩
3. There are other provisions pertaining to the Court's jurisdiction over interest questions. For example, section 6512(b)(2) deals with a failure by the Secretary to refund an overpayment determined by this Court, together with the interest thereon. These provisions have no bearing upon petitioner's claim.↩