FRANCIS A. AND MARJORIE T. ADAMCEWICZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adamcewicz v. Commissioner
Docket No. 6146-93
United States Tax Court
T.C. Memo 1994-361; 1994 Tax Ct. Memo LEXIS 372; 68 T.C.M. (CCH) 276; August 1, 1994, Filed *372 Decision will be entered for respondent. Francis A. and Marjorie T. Adamcewicz, pro se. For respondent: Elise Frost Alair. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 10,546 in petitioners' Federal income taxes for 1989. The deficiency resulted from respondent's determination that petitioners had received distribution of a taxable annuity in the amount of $ 57,010. In an Amendment to Answer, respondent alleged, among other things, that petitioners' distribution was received from a plan that was a tax-sheltered annuity under section 403(b), which does not qualify as a lump-sum distribution for which special income averaging provisions apply. All section references are to the Internal Revenue Code in effect for the year in issue. FINDINGS OF FACT Petitioners resided in Lebanon, Connecticut, at the time they filed their petition. Petitioner Francis A. Adamcewicz (petitioner) was an employee of The Norwich Free Academy from 1968 until his retirement on June 30, 1989. He participated in a tax-sheltered annuity plan under section 403(b) (the plan). Upon his retirement in 1989, petitioner received a distribution of *373 $ 57,010.31 from Great American Life Insurance Co. as his interest in the plan. On August 1, 1989, petitioner purchased a Liberty Bank certificate of deposit in the amount of $ 57,010.31. At the time of the acquisition of this certificate of deposit, petitioner erroneously believed that he was accomplishing a "rollover" of the distribution. On their Form 1040, U.S. Individual Income Tax Return, for 1989, petitioners reported the $ 57,010.31 distribution on line 16a but excluded it in determining the taxable amount reported on line 16b. Thereafter, petitioners were informed by the Internal Revenue Service (IRS) that purchase of the certificate of deposit was not a qualified rollover. Petitioners thereupon completed a Form 4972, Tax on Lump-Sum Distributions, for 1989, calculating tax on the distribution using the 5-year averaging method shown on that form. Petitioners then paid the resulting tax, $ 8,161.80. Petitioners also submitted a Form 843, Claim for Refund and Request for Abatement, requesting abatement of interest because of the failure of the IRS adequately to advise taxpayers of the rules relating to tax-sheltered annuities and qualified rollovers. In the statutory *374 notice of deficiency sent January 15, 1993, respondent determined: In reviewing your Form 843 it has been determined the teachers deferred annuity does not qualify for special tax treatment (Form 4972). The funds designated for your retirement were not distributed to you in full (lump-sum), only a portion of the funds were distributed, the remainder is being distributed to you on a regular basis in the form of a pension. Therefore, the distribution you received must be treated as ordinary income and reported on line 17 A and B page 1 of Form 1040. We are required to charge interest as provided by law, on the unpaid tax from the due date of the return, to the date the tax is paid. There appears to be no reasonable cause for abatement under IRS regulations.
The determination that petitioner had only received a partial distribution was erroneous. On July 28, 1993, petitioners met with an appeals officer for the IRS. The appeals officer agreed with petitioners that the statutory notice explanation was incorrect and agreed to close the case for the tax paid with the Form 4972. Thereafter, the appeals officer realized that use of the Form 4972 was not appropriate *375 because the distribution was not eligible for lump-sum distribution treatment. On December 17, 1993, respondent filed a Motion for Leave to Amend Answer to correct respondent's explanation and assert that the $ 57,010 should be included in petitioners' income because: 8. The respondent now requests the permission of the Court to assert that the $ 57,010.00 should be included in the petitioners' income on the following basis: The distribution is disqualified as a lump sum distribution under the provisions of I.R.C. section 402(e)(4)(A) because such distribution was not ". . . from a trust which forms a part of a plan described in section 401(a) and which is exempt from tax under section 501 or from a plan described in section 403(a)". Further, the petitioner's plan is a tax sheltered annuity under I.R.C. section 403(b) which does not qualify as a lump sum distribution for which special income averaging provisions apply. SeeI.R.C. section 403(b)(1).
The motion was granted over petitioners' objection. OPINION Petitioners believe that they have been victimized by the absence of adequate explanations of complex rules relating to distributions from retirement *376 plans, an unfairly revoked settlement, and inappropriate accrual of interest. They do not dispute that distribution was received from a plan described in section 403(b). They attempted to pay the tax on the distribution as soon as they learned that they had not made a qualified rollover. Moreover, they thought that the matter was resolved with the appeals officer, after the petition in this case was filed. Subsequently, they learned that the appeals officer had erred and that respondent continued to claim additional taxes and interest. Section 403(b) provides rules for taxability of a beneficiary under an annuity purchased by an organization exempt under section 501(c)(3) or a public school. Section 403(b)(8)(A) provides: (8) Rollover amounts. -- (A) General rule. -- If -- (i) any portion of the balance to the credit of an employee in an annuity contract described in paragraph (1) is paid to him, (ii) the employee transfers any portion of the property he receives in such distribution to an individual retirement plan or to an annuity contract described in paragraph (1), and (iii) in the case of a distribution of property other than money, the property so transferred *377 consists of the property distributed,
then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.
Because petitioners purchased an ordinary certificate of deposit with the distribution, they did not accomplish a rollover and did not qualify to exclude the amount of the distribution from their taxable income for 1989. Section 402(e)(4)(A), for the year in issue, permits the 5-year averaging method for calculating tax on certain lump-sum distributions, to wit, distributions from a trust that formed a part of a plan described in section 401(a) or 403(a). Thus, the 5-year averaging method does not apply to distributions under section 403(b). Exemptions and exclusions from taxable income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusions. Commissioner v. Jacobson, 336 U.S. 28 (1949); Matthews v. Commissioner, 92 T.C. 351, 361 (1989), affd. 907 F.2d 1173 (D.C. 1990); Graves v. Commissioner, 89 T.C. 49, 51 (1987). Neither the appeals officer, *378 respondent's counsel, nor this Court can ignore the clear language of a statute. Thus, despite the erroneous assertion in the notice of deficiency and the mistaken belief of the appeals officer, respondent's determination that petitioner's distribution did not qualify for lump-sum treatment must be sustained. Generally, a settlement of a docketed case is not binding on the Government until a stipulation for entry of decision has been executed. Estate of Jones v. Commissioner, 795 F.2d 566, 571 (6th Cir. 1986), affg. T.C. Memo. 1984-53; Cole v. Commissioner, 30 T.C. 665 (1958), affd. per curiam 272 F.2d 13 (2d Cir. 1959). Exceptions occur only when a stipulation susceptible of contractual enforcement has been executed. See, e.g., Korangy v. Commissioner, 893 F.2d 69 (4th Cir. 1990), affg. T.C. Memo. 1989-2; Stamm International Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988). Petitioners' settlement with the appeals officer did not reach the stage of enforceability. Petitioners *379 have requested abatement of interest. Section 6404(e)(1) provides: (e) Assessments of Interest Attributable to Errors and Delays by International Revenue Service. -- (1) In general. -- In the case of any assessment of interest on -- (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or (B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act, the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.
This Court, however, does not have jurisdiction to abate interest under that section. 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987). *380 It may be appropriate for petitioners to file a new Form 843, based on events occurring since their prior claim for abatement was filed. This Court, however, has no supervisory power over action on that claim. In accordance with the foregoing, Decision will be entered for respondent.