CLAUDE J. PATTON AND MAPLE L. PATTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patton v. Commissioner
Docket No. 17488-92
United States Tax Court
T.C. Memo 1994-566; 1994 Tax Ct. Memo LEXIS 574; 68 T.C.M. (CCH) 1207; November 14, 1994, Filed *574 Decision will be entered under Rule 155. Claude J. Patton and Maple L. Patton, pro sese. For respondent: Clifton B. Cates III. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency in petitioners' 1986 income tax in the amount of $ 13,574 and additions to tax under sections 6653(a)(1)(A) [1] and 6661 for 1986 in the amounts of $ 678.70 and $ 3,393.50, respectively. If the section 6653(a)(1)(A) addition is upheld, then the section 6653(a)(1)(B) addition would also apply with respect to interest on any deficiency that is attributable to negligence or intentional disregard of rules or regulations. After concessions, the issues remaining for our consideration are: (1) Whether petitioners are liable for the addition to tax under section 6653(a) for negligence or disregard of rules *575 or regulations; (2) whether petitioners are liable for the addition to tax under section 6661 for substantial understatement of liability; and (3) whether this Court has jurisdiction to determine the amount of interest on an unassessed and unpaid deficiency. [2]
FINDINGS OF FACT [3]
Petitioners, who *576 are husband and wife, resided in Gardena, California, at the time the petition in this case was filed. When the tax return at issue was filed, Mrs. Patton had attended 2 years of junior college and worked as a computer operator for a freight company. Petitioners attend church and were regular contributors to churches, including the one they regularly attended, the Crenshaw Christian Center. Petitioners practice tithing, i.e., contributing 10 percent of their income to their church. In 1986, petitioners contributed $ 5,882 to their church, which they are entitled to deduct for 1986. Petitioners are also entitled to a miscellaneous deduction for tax and financial planning in the amount of $ 1,948.50. Petitioners, along with some acquaintances, were seeking a financial and tax planner to enable them to reduce their tax burden. In 1984, petitioners were introduced by friends to Shelvin E. Byars, certified public accountant and former employee of the Internal Revenue Service. In 1986, Mr. Byars promoted a particular tax shelter to petitioners. Under the terms of the scheme, petitioners were to contribute a percentage of their income to a donee church, which petitioners selected *577 from a list supplied by Mr. Byars. It made no difference which church was selected; however, petitioners' regular church was not on the list. Petitioners sent a check for $ 700 directly to Zoe Christian Fellowship (Zoe) to be used by both Zoe and another church, the Holy Temple Church of God in Christ (Holy Temple), donees with which petitioners had no prior charitable or religious experience. Mr. Byars told petitioners that, for this relatively small cash payment, they could deduct $ 30,000 in 1986 by simply signing a note for the balance. Petitioners did not make any loan payments or inquire about the alleged $ 30,000 obligation, despite having been previously subjected to formalities when they borrowed approximately $ 65,000 for the purchase of their home. Petitioners did not personally receive any part of the $ 30,000, nor did they know if such amounts were ever paid to or received by a church. Despite the lack of formalities and information, petitioners claimed a $ 30,000 deduction on their 1986 tax return based upon the $ 700 payment to Zoe. Petitioners had no knowledge of the details of the $ 30,000, including whether there were notes, payments made, or payments received. *578 On their 1986 tax return, petitioners reported adjusted gross income of $ 83,991 and itemized deductions totaling $ 48,633, including the alleged $ 30,000 charitable contribution. As of trial, petitioners conceded that they are not entitled to deduct the $ 30,000 they had claimed was contributed to Zoe and Holy Temple through Mr. Byars in 1986. OPINION Petitioners assert that, because their C.P.A. advised them to contribute through the plan, they were not negligent in taking the deduction and are thus not liable for the section 6653(a) addition to tax. Furthermore, petitioners argue that the section 6661 addition to tax for substantial understatement should not apply. Additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations -- Section 6653(a)(1)(A) provides a 5-percent addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. In addition, section 6653(a)(1)(B) imposes a further addition to tax of 50 percent of the interest payable with respect to the portion of the underpayment that is attributable to negligence. Negligence under section 6653(a) is defined as the "lack *579 of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. United States, 775 F.2d 1092, 1095 (9th Cir. 1985) (citing Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299). Negligence includes failing to act as reasonable, similarly situated persons would under the circumstances. Petitioners bear the burden of showing that they were not negligent. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). In order to decide whether petitioners were negligent, we must determine if it was reasonable for them to rely on the advice of their C.P.A., Shelvin Byars. [4]
*580 In Skeen v. Commissioner, 864 F.2d 93 (9th Cir. 1989), affg. Patin v. Commissioner, 88 T.C. 1086 (1987), the taxpayers entered into a gold mining scheme with which they had no prior experience. Having relied solely on the advice of their C.P.A., the taxpayers failed to prove that they were not negligent in taking their deductions. The Court of Appeals for the Ninth Circuit affirmed this Court's negligence determination and held that mere reliance on the advice of a C.P.A. will not relieve a taxpayer of the addition to tax for negligence, if such reliance was not reasonable. In the instant case, petitioners relied on Mr. Byars' advice when they claimed the $ 30,000 deduction. Petitioners, however, are experienced charitable donors who are well aware that charitable deductions for tax purposes are based on payment. Here, petitioners paid $ 700 and had little or no idea how the remaining $ 29,300 would be paid or whether it was even paid. [5] Petitioners testified and argued that they are charitable people, and this we do not doubt. Yet, we are not persuaded by their reliance argument concerning the $ 30,000 deduction *581 in the circumstances here. Petitioners had borrowed approximately $ 65,000 to finance the purchase of their residence, and they were aware of the many formalities connected with borrowing funds. Here, they allegedly borrowed about $ 30,000 (more than one-third of their annual adjusted gross income) and recall no formalities, payments, notes, etc. "Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered." Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991). In the instant case, after considering that petitioners merely relied on Mr. Byars' advice, we note that they further ignored the many latent warning signs of this charitable scheme because of their zeal to avoid tax. *582 We also note that Mr. Byars asked petitioners to keep this contribution confidential. Despite these warning signs, petitioners argue that they acted reasonably when they relied solely on the advice of another person. We disagree; rather, petitioners should have been on notice that this scheme was not legitimate. As this Court said in Freytag, "[petitioners] were told about the perceived tax advantages that, especially when compared with the payment, were enormous." Id. at 887. In Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part and revg. in part T.C. Memo. 1984-264, the Court of Appeals for the Ninth Circuit held that the taxpayer relied on his accountant's advice in good faith and was not otherwise charged with notice of his erroneous tax position. In reversing this Court's negligence holding, the Court of Appeals noted that the taxpayer's disallowed position was "reasonably debatable". Id. (quoting Foster v. Commissioner, 756 F.2d 1430 (9th Cir. 1985), affg. in part and vacating in part 80 T.C. 34 (1983)). *583 A $ 30,000 current deduction for a mere $ 700 cash payment is not reasonably debatable, and mere reliance on an accountant's advice under these circumstances is not tantamount to good faith. [6]
Petitioners concede that they were looking for tax shelters. They did not know what the donee churches would do with their donation or if it was received at all. Petitioners regularly donate to their church; nonetheless, they never sought recognition for their attempted contributions -- contributions that exceeded one-third of their 1986 total income and far exceeded their regular 10-percent tithe. Petitioners' belief that they could deduct a $ 30,000 charitable contribution for a $ 700 payment was not reasonable, especially in light of both their *584 admitted tax savings motive and not having investigated their donation's true bounty. Petitioners are well aware that, to claim a deduction, one generally has to make a contribution. See Allen v. Commissioner, 925 F.2d 348, 352 (9th Cir. 1991), affg. 92 T.C. 1 (1989), holding that "a promise to make a contribution in the future does not qualify for a current charitable deduction." Accordingly, petitioners are liable for the additions to tax under section 6653(a). Additions to tax under section 6661 for substantial understatement of liability -- Respondent also determined additions to tax under section 6661 for 1986. That section provides that, if there is a substantial understatement of tax for any year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). Petitioners' income tax is substantially understated if the understatement for the year exceeds the greater of (i) 10 percent of the tax required to be shown for the taxable year or (ii) $ 5,000. Sec. 6661(b)(1)(A). *585 The understatement is reduced under section 6661(b)(2)(B) by that portion for which there is "substantial authority" or that has been "adequately disclosed". Petitioners, however, have failed to show any authority supporting their position beyond their accountant's advice. Furthermore, their 1986 tax return simply listed the $ 30,000 charitable deduction without any additional detail or disclosure. Consequently, petitioners have not shown any substantial authority or that they had adequately disclosed their position. Accordingly, if the 1986 understatement is "substantial" within the meaning of section 6661(b)(1)(A), there is an addition to tax under that section for 1986. Jurisdiction to determine interest on an unassessed and unpaid deficiency -- At trial, petitioners asserted that they do not owe interest on their deficiency because they cooperated with respondent. Respondent contends that this Court lacks jurisdiction to determine the amount of interest on an unassessed and unpaid deficiency. The Supreme Court has held that interest on a tax deficiency is dictated by section 6601(a) and (with certain exceptions inapplicable here) is outside the scope of a Tax Court *586 petition. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); see also 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987). Petitioners' deficiency, similar to that in McCoy, "[has] not [been] assessed, and [cannot be] assessed, until after the Tax Court [has] rendered its decision." Commissioner v. McCoy, supra at 7. Hence, this Court has no jurisdiction to decide the amount of interest on an unassessed and unpaid deficiency. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the taxable year under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
2. Respondent determined in the notice of deficiency that petitioners were subject to interest on substantial underpayments attributable to tax motivated transactions under sec. 6621(c). We note that petitioners offered no evidence or argument and, therefore, failed to carry their burden with respect to the issue of their liability for interest under sec. 6621(c). However, we must decide whether this Court has jurisdiction to determine the amount of interest due.↩
3. The parties have stipulated facts and documents that are incorporated by this reference.↩
4. We considered a similar tax shelter scheme promoted by Shelvin Byars in Collins v. Commissioner, T.C. Memo. 1990-441. In Collins, the taxpayers would borrow money from a corporation and then contribute the same money back to qualifying churches. Shortly thereafter, the money would be withdrawn from the church accounts and redeposited back into Mr. Byars' corporate account. This circular flow had the effect of very briefly passing the borrowed funds through the donee church. In that case, the taxpayers were found to have been negligent for actions similar to those in the instant case. In 1989, Mr. Byars was sentenced to 12 years in Federal prison for preparing false and fraudulent Federal income tax returns in violation of 26 U.S.C. sec. 7206(2) (1988)↩.
5. Supposedly, $ 15,000 was paid each to Holy Temple and Zoe. The only payment ($ 700), however, was made to Zoe.↩
6. Petitioners also claim that the standard for negligence requires that they have had "knowledge and consent" and "willful intent". Petitioners' reference is to sec. 6653 for tax returns required to be filed after Dec. 31, 1989. Their tax return at issue was due Apr. 15, 1987.↩