72 F.3d 135
 76 A.F.T.R.2d 95-8041, 96-1 USTC P 50,083
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Paul MARCINEK, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1995.*
Decided Dec. 12, 1995.
 
 1
 Before WALLACE, Chief Judge, THOMPSON, Circuit Judge, and SEDWICK,** District Judge.
 
 MEMORANDUM
 
 2
 The Internal Revenue Service (IRS) challenged the returns of numerous taxpayers who invested in a tax shelter marketed by Gold Depository and Loan Company (GD & L). One of them, John Paul Marcinek, appeals from a decision of the tax court affirming the IRS's assessment of additions to tax and penalties. The tax court exercised jurisdiction pursuant to 26 U.S.C. Secs. 6213, 6214, and 7442. We have jurisdiction over Marcinek's timely appeal pursuant to 26 U.S.C. Secs. 7482(a) and 7483. We affirm.
 
 
 3
 26 U.S.C. Sec. 6653(a)(1) provides that "there shall be added to the tax" a penalty for underpayment due to negligence. "The Commissioner's imposition of a penalty is presumptively correct; it must stand unless the taxpayers can prove that they were not negligent." Neely v. United States, 775 F.2d 1092, 1095 (9th Cir.1985).
 
 
 4
 Negligence is the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Id. The standard of due care requires a taxpayer to inquire as to the legality of a tax plan, including the procurement of independent legal advice when it is common knowledge that the plan is questionable. Id. The tax court found that Marcinek failed to make an adequate investigation as to the validity of GD & L's investment plan, which included several features that would alert a prudent investor of its suspect nature. We must accept these findings unless they are clearly erroneous. Wolf v. Commissioner, 4 F.3d 709, 712-13 (9th Cir.1993) (Wolf ).
 
 
 5
 Marcinek argues that nothing in GD & L's investment plan would indicate to someone with his "longstanding experience" in the transportation container market that it was a fraud. He also asserts that given the features of the plan, he undertook an adequate investigation of its purported investment and tax benefits. Marcinek contacted GD & L and others in the container industry, and he consulted GD & L literature, including opinion letters from GD & L's attorney and accountant.
 
 
 6
 Marcinek's arguments do not establish that an ordinarily prudent investor would have invested with GD & L, considering that its plan contained "sufficient warning signs." See Kantor v. Commissioner, 998 F.2d 1514, 1522 (9th Cir.1993). "In the face of a transaction which clearly lacked economic substance, and which was designed to produce tax benefits out of proportion with total investment," a taxpayer does not exercise due care even when an independent accounting firm prepares the taxpayer's returns. Hildebrand v. Commissioner, 967 F.2d 350, 353 (9th Cir.1992). The GD & L plan clearly lacked economic substance, and Marcinek concedes that he entered into a sham transaction. The tax court's finding that a "reasonable and ordinarily prudent investor ... would have questioned an investment that allowed a taxpayer to claim tax benefits computed on an investment of $100,000 when the investor only paid $5,000 and was not required to sign a promissory note for the balance" is not clearly erroneous. Even in light of this lopsided investment, Marcinek failed to make sufficient inquiries, examine or insure the containers he "purchased" for $100,000, or investigate what he knew to be an excessive management fee charged by GD & L.
 
 
 7
 In Wolf, 4 F.3d at 715, we affirmed a negligence finding where the taxpayer was told he would receive a $17,000 investment tax credit the same year he invested only $10,000. Based on similar facts, the tax court's finding in this case is "plausible in light of the record viewed in its entirety." Id. at 712.
 
 
 8
 AFFIRMED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation