107 F.3d 19
 78 A.F.T.R.2d 96-7683
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VALLEY ESCROW TRUST, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-56211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 13, 1996.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The IRS may obtain by summons any information that "might throw light" on the correctness of a taxpayer's return. David H. Tedder & Assocs., Inc. v. United States, 77 F.3d 1166, 1168 (9th Cir.1996). The summons of Valley Escrow Trust's bank records satisfies this minimal threshold. Although Valley is not itself under investigation, the requested records could help the IRS determine whether disbursements made to Valley by Pacific Group Trust, the investigation's target, were unlawfully funneled back to Pacific's owners. Cf. Neely v. United States, 775 F.2d 1092, 1094 (9th Cir.1985). Likewise, the summons is not overbroad because it solicits records of Valley's transactions with entities other than Pacific. It is reasonable for the IRS to scrutinize every Valley transfer to trace the potentially circuitous flow of funds back to Pacific's owners. Cf. Goldberg v. United States, 789 F.2d 1341, 1342 (9th Cir.1986).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3