T.C. Summary Opinion 2003-159


UNITED STATES TAX COURT


AARON DOUGLAS LAW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16498-02S.          Filed October 27, 2003.


Aaron Douglas Law, pro se.

Dustin M. Starbuck, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $7,267 in petitioner's 2000 Federal income tax.

The sole issue for decision is whether petitioner is liable for the alternative minimum tax (AMT) under section 55.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Hot Springs, Virginia.

Petitioner filed a Federal income tax return for 2000 reporting the following gross income items:

| | |
|---|---|
| Wages and salaries | $43,953.68 |
| Taxable interest income | 44.14 |
| Dividend income | 1,186.75 |
| Taxable refunds | 759.43 |
| Taxable IRA distributions | 16,714.78 |
| Total income | $62,658.78 |

Petitioner's return included a Schedule A, Itemized Deductions, in which he claimed itemized deductions for the following:

| | |
|---|---|
| State and local taxes paid | $ 2,115.52 |
| Charitable contributions | 200.00 |
| Job expenses and other miscellaneous deductions (in excess of 2% of adjusted gross income) | 59,197.20 |
| Total itemized deductions | $61,512.72 |

After deducting the itemized deductions, petitioner's remaining income of $1,146.06 was offset by the $2,800 personal exemption. Thus, petitioner had zero taxable income and no income tax

liability.  He claimed a refund of $10,345.41 in Federal income tax withholdings.

Respondent made no adjustments to either the income or the itemized deductions on petitioner's return.  Petitioner did not include with his return the necessary form for computation of the AMT under section 55.  After he was contacted by respondent, petitioner submitted to the Internal Revenue Service (IRS) Form 6251, Alternative Minimum Tax--Individuals, which reflected an AMT of $7,266.83.  Petitioner made no payments to the IRS of the AMT, although he paid $1,826.54 as additional tax under section 72(t) for his early withdrawal during 2000 of a qualified pension plan.  In the notice of deficiency, respondent determined that petitioner was liable for the AMT in the amount of $7,267.  No other determinations were made with regard to petitioner's 2000 Federal income tax return.

Petitioner's principal argument is that, if he is held liable for the AMT, that liability effectively negates or eliminates the tax benefits of his itemized deductions. Petitioner further argues that, if he is liable for the AMT, the accrued interest of $510.44 on the deficiency should be abated because the deficiency is one he did not know existed at the time he filed his return.

Section 55(a) imposes a tax equal to the excess of the tentative minimum tax over the regular tax.  The tentative

minimum tax for noncorporate taxpayers is equal to 26 percent of so much of the taxable excess as does not exceed $175,000. Sec. 55(b)(1)(A)(i). The taxable excess is that amount by which the alternative minimum taxable income (AMTI) exceeds the exemption amount. Sec. 55(b)(1)(A)(ii). The exemption amount for individuals filing singly, as in petitioner's case, is $33,750. Sec. 55(d).

AMTI equals the taxpayer's taxable income for the year determined with the adjustments provided in section 56. Sec. 55(b)(2). In calculating AMTI, no deduction is allowed for miscellaneous itemized deductions or for State and local taxes paid, unless such amounts are deductible in determining adjusted gross income. Sec. 56(b)(1). Also, no deduction for the personal exemption under section 151 is allowed. Sec. 56(b)(1)(E). Petitioner presented no evidence that the AMT was incorrectly calculated. His sole argument, noted above, is that the AMT effectively deprives him of the benefit of his itemized deductions, all of which were accepted by respondent.

The determination of a taxpayer's AMT requires a recomputation of taxable income, leading to a new tax base, alternative minimum taxable income. Sec. 55(b)(2). In making the recomputation, certain (but not all) itemized deductions are not allowed, as well as the personal exemption. In particular, as relates to petitioner, miscellaneous itemized deductions are

not allowed in the computation of alternative minimum taxable income.  Sec. 56(b)(1)(A)(i).  The sum of these disallowed items will trigger a liability for the AMT.  In petitioner's situation, his unreimbursed employee expenses alone total $60,445.32 (compared to his reported wage income of $43,953.68).  Coupled with the other unallowable expenses, specifically spelled out in the statute, petitioner's AMT liability ensues.  The AMT serves to impose a tax whenever the sum of specified percentages of the excess of alternative minimum taxable income over the applicable exemption amount exceeds the regular tax for that year.  Sec. 55(a), (b)(1)(A), (C), (d)(1); Huntsberry v. Commissioner, 83 T.C. 742 (1984).  However unfair this statute might seem to petitioner, the Court must apply the law as written.  As this Court noted in Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964):  "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."  Respondent, therefore, is sustained on this issue.

Petitioner argues that he should not be liable for interest on the deficiency, in effect, seeking an abatement of interest. When petitioner filed his return, he reported a zero tax liability and claimed a refund of $10,349.41 from tax withholdings.  He argues that he should not be liable for interest on tax he did not know that he owed.

Section 6404(e)(2) provides:

The Secretary shall abate the assessment of all interest on any erroneous refund under section 6602 until the date demand for repayment is made, unless--(A) the taxpayer (or a related party) has in any way caused such erroneous refund, or (B) such erroneous refund exceeds $50,000.

Without passing upon the question of whether the refund in this case constitutes an erroneous refund that was caused by petitioner's failure to include a computation of the AMT, this Court has no jurisdiction over an abatement of interest issue arising under section 6404(e). As the Court noted in 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352, 355 (1987): "Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest, which has not yet occurred in this case." In this case, neither the deficiency nor the interest on the deficiency has been assessed, nor can any assessment be made until the decision in this case is entered. Petitioner may file with respondent an administrative request for abatement of any interest assessed. If, in a notice of final determination, petitioner's request is denied, petitioner may then petition this Court for a review of that determination. However, this Court will order an abatement only if it is shown that the Commissioner abused his discretion in denying the

abatement.  Sec. 6404(i);[2] Rule 280(b); <u>Krugman v. Commissioner</u>, 112 T.C. 230, 239 (1999).  The Court, therefore, declines to pass upon the merits of petitioner's claim for an abatement of interest.  Indeed, this Court has no jurisdiction over this issue at this time.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[2]    Sec. 6404(h) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3309(a), 112 Stat. 745.