## Appeal of JAMES A. BRADLEY.

Docket No. 2012.   Decided September 29, 1926.

An opinion of a witness can have weight to prove value only if there is reason to believe that it is held by one whose general and specific knowledge and whose ability to form an opinion entitle him to speak with some measure of authority.

*H. E. Valentine, Esq.*, for the petitioner.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Deficiencies of income tax of $24.78 for 1919 and $103.60 for 1920, resulting from the disallowance of depletion deductions which the Commissioner held were not substantiated by evidence submitted to him.

### FINDINGS OF FACT.

Petitioner, a farmer and banker residing in Centerville, Iowa, was in 1919 the owner of coal underlying three separate tracts of land. The coal on these tracts was similar, and was being mined respectively by the Thistle Coal Co., the Monitor Coal Co., and the McConville Coal Co.

The coal in the Thistle tract was purchased by petitioner after 1913, for $6,300. The tract contained 150 acres. The Thistle Company paid petitioner a royalty of 6¼ cents a ton for coal actually removed. The mine was operated by the so-called room and pillar

method, by which, in this territory, the removable coal is ordinarily estimated to be 2,400 tons per acre.

The coal in the Monitor tract was acquired by petitioner by inheritance in 1896. The tract contained 65 or 70 acres. Mining operations were begun about 1908. On March 1, 1913, the coal was being mined by the Monitor Company upon a royalty to petitioner of 6¼ cents a ton. The tract was conveniently situated for economic operation.

The McConville tract contained about 350 acres and was conveniently located near Centerville with a railroad running diagonally across it. Petitioner acquired it in 1896 by inheritance and on March 1, 1913, it was known that the tract contained coal. Mining began in 1918. On February 2, 1919, an agreement was executed by petitioner giving to the McConville Company the right for twenty years to mine coal for a royalty of 8⅓ cents a ton and a guaranteed minimum of $800 a year.

The petitioner's 1919 return shows " coal royalty " $2,359.98, from which he deducted as depletion $354 described as " Royalty 15% of coal mined." His 1920 return shows royalty from McConville coal $4,679.75, from which he deducted as depletion $1,170, and shows royalty from Monitor coal $490.31, from which he deducted as depletion $125.

### OPINION.

STERNHAGEN: The foregoing facts are substantially all that are contained in the record. The Commissioner traversed the depletion deduction in its entirety and thus placed upon the petitioner the burden of proving all the factors of depletion. That the facts are inadequate for this is manifest.

We have made no finding of value on March 1, 1913, because the bare expressions of opinion of the petitioner's witnesses were not in our opinion sufficiently well founded to tend to establish a value. The witnesses merely said they thought the tracts were worth somewhere from $75 to $100 an acre. Such an opinion can have weight only if there is reason to believe that it is held by one whose general and specific knowledge and whose ability to form an opinion entitle him to speak with some measure of authority.

Although both counsel in brief submit computations of depletion, such computations include factors which are not in evidence—such, for example, as the tonnage of coal mined in the taxable years. Were these facts either proven or stipulated we could consider them; but their mere statement in brief must be disregarded.

*Judgment for the Commissioner.*