SAUL ELBAUM AND ROSE ELBAUM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elbaum v. Commissioner
Docket No. 15334-93
United States Tax Court
T.C. Memo 1994-439; 1994 Tax Ct. Memo LEXIS 447; 68 T.C.M. (CCH) 638; August 29, 1994, Filed *447 Decision will be entered for respondent. P is the sole shareholder of E. P filed Forms 1120S for E for the 1989 and 1990 taxable years. P did not (and has never) filed a Form 2553. P filed joint Forms 1040 for the 1987, 1988, 1989, and 1990 taxable years. On these returns, P claimed deductions for the pass-thru of losses from E. Respondent did not accept nor recognize the Forms 1120S as filed for E; instead, respondent accepted the returns for E as the returns of a C corporation for the taxable years 1989 and 1990. Held: E has not made an effective subchapter S election. The filing of Form 1120S does not constitute such an election. Furthermore, the filing of Form 1040 does not constitute a valid consent by the shareholder. Saul Elbaum and Rose Elbaum, pro sese. For respondent: Aretha Jones. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Saul Elbaum and Rose Elbaum petitioned the Court for a redetermination of respondent's determination of deficiencies of $ 2,070 and $ 2,719 in their Federal income tax for 1989 and 1990, respectively. [1] The case was submitted to the Court fully stipulated. See Rule 122(a). Rule references are to the Tax Court Rules of Practice and *448 Procedure. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable years in issue. The sole issue for decision is whether petitioner's wholly owned corporation, Elite Catering, Inc. (Elite), made a valid election under section 1362 to be governed by the provisions of subchapter S. We hold that it did not. Background
The record in this case consists of the facts recited in a joint stipulation and in the accompanying exhibits. These facts and exhibits are incorporated herein by this reference. When he filed his petition, petitioner resided in Silver Springs, Maryland. On February 1, 1987, Elite was incorporated with petitioner as the sole shareholder. Petitioner did not (and has never) filed a Form 2553, Election by a Small Business *449 Corporation. For the 1987 taxable year, petitioner filed a joint Federal income tax return (Form 1040). This return was filed sometime after August 8, 1988, but before the end of 1988. On this return, petitioner claimed a $ 4,482 loss from the activities of Elite. Attached to petitioner's 1987 return was a Shareholder's Share of Income, Credits, Deductions, etc. (Schedule K-1) issued by Elite. Petitioner filed U.S. Income Tax Return for an S Corporation (Form 1120S) for Elite for the 1989 and 1990 taxable years. [2] Respondent did not accept nor recognize the Forms 1120S as filed for Elite; instead, respondent accepted the returns for Elite as the returns of a C corporation for the taxable years 1989 and 1990. Petitioner filed joint Forms 1040 for the 1989 and 1990 taxable years. On these returns, petitioner claimed deductions for the pass-thru of losses from Elite in the amounts of $ 13,807 and $ 35,429, respectively. *450 Respondent disallowed petitioner's deductions for the pass-thru of these losses because Elite had never filed Form 2553 consenting to be taxed as an S corporation. Discussion
Petitioner bears the burden of proving that respondent's determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The fact that the case was submitted fully stipulated does not alter petitioner's burden of proof or the effect of the failure of proof. Rule 122(b); Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Section 1362(a) allows a small business corporation to elect to be governed by the provisions of subchapter S for its current taxable year. The election must be made during the preceding taxable year or before the 15th day of the third month of the current taxable year. Sec. 1362(b)(1). Section 1362(a)(2) provides that all shareholders must consent to the election to be governed by the provisions of subchapter S. An election under section 1362(a) is generally effective for the taxable year in which it is made *451 and for all succeeding taxable years, unless terminated under section 1362(d). Sec. 1362(c). If the election is filed after this 2-1/2-month period, but before the end of the taxable year, the election will be effective for the following taxable year. Sec. 1362(b)(3). Section 1377(c) provides that the Secretary shall prescribe the regulations which govern the election to be an S corporation. The temporary regulations [3] under section 1362 state: Sec. 18.1362-1. Election to be an S corporation. -- (a) Manner of making election. To make the election to be an S corporation, a small business corporation should file Form 2553, containing all the information required by that form. With respect to each shareholder who is required by paragraph (b) of sec. 18.1362-2 to consent to the election of the corporation, such shareholder shall make the consent in the manner provided in paragraph (a) of that section. The election form shall be signed by any person who is authorized to sign the return required to be filed under section 6037 and shall be filed with the service center designated in the instructions applicable to Form 2553. * * * Sec. 18.1362-2. Shareholders' consent. -- *452 (a) Manner of making consent. The consent * * * must be made either on Form 2553 or on a separate statement signed by the shareholder in which the shareholder consents to the election of the corporation. The separate statement must also set forth the name, address, and taxpayer identification number of the corporation and of the shareholder, the number of shares of stock owned by the shareholder, and the date (or dates) on which the stock was acquired. When a shareholder's consent is made on a separate statement, that statement must be attached to the election of the corporation. The shareholder's consent is binding and may not be withdrawn after a valid election is made by the corporation. The election of the corporation is not valid if any consent required by paragraph (b) of this section is not timely filed. * * * [48 Fed. Reg. 3591-3592 (Jan. 26, 1983).]
*453 Petitioner concedes that Elite failed to file Form 2553, but contends that Elite made a valid election of S corporation status in 1988 by filing Form 1120S for the 1987 taxable year. Petitioner argues that Form 2553 is not required to be filed in order for Elite to elect S corporation status; rather, petitioner's 1987 Form 1040 taken in conjunction with Elite's 1987 Form 1120S satisfies the requirements set forth in section 1362 and the regulations thereunder. Petitioner bases his argument on the premise that his 1987 Form 1040 constitutes his consent (i.e., the requisite shareholder's consent) because he is the sole shareholder and Elite's 1987 Form 1120S constitutes Elite's election to be classified under the provisions of subchapter S. [4]
*454 This Court has held elections effective where the taxpayer complied with the essential requirements of a regulation even though the taxpayer failed to comply with it in every detail. Hewlett-Packard Co. v. Commissioner, 67 T.C. 736, 748 (1977), and cases cited therein. The Court in the Hewlett-Packard case stated: In ascertaining whether a particular provision of a regulation stating how an election is to be made must be literally complied with, it is necessary to examine its purpose, its relationship to other provisions, the terms of the underlying statute, and the consequences of failure to comply with the provision in question. * * * [Hewlett-Packard Co. v. Commissioner, 67 T.C. 736, 749 (1977)(quoting Valdes v. Commissioner, 60 T.C. 910, 913 (1973).)]
The doctrine of substantial compliance may excuse a lack of literal compliance with procedural aspects of a regulation that are not considered to be of the essence. The Court of Appeals for the Fourth Circuit, the circuit to which this case is appealable, has stated with respect to a section 754 election: At the heart *455 of the inquiry into whether a particular election is procedural or mandatory is whether the failure in complying with the literal requirements by the taxpayer goes to the "essence" of the provision, or whether it is merely a relatively ancillary, minor procedural infirmity. The common denominator among the cases seems to be that, at a minimum, the taxpayer needs to provide the Service with sufficient notice of his intent to make the election. See Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781 (11th Cir. 1984). Any failure to comply with the full regulatory and statutory requirements, assuming that the requisite intent has been made clear, gives rise to the secondary inquiry of whether the "essence" of the statutory framework has been violated by the taxpayer's failure to satisfy the literal requirements. [Atlantic Veneer Corp. v. Commissioner, 812 F.2d 158, 160-161 (4th Cir. 1987), affg. 85 T.C. 1075 (1985).]
We are unable to apply the doctrine of substantial compliance to the case at hand. The mere filing of Form 1120S is not a valid election under section 1362, even for *456 a subsequent year. See, e.g., Rockwell Inn, Ltd. v. Commissioner, T.C. Memo. 1993-158. Because it is essential to establish that an election has been made, a corporation must clearly elect S status. See, e.g., Smith v. Commissioner, T.C. Memo. 1988-18. Furthermore, it is essential that the shareholders clearly consent to such an election. Form 2553 requires that each shareholder sign the election where it states, "We, the undersigned shareholders, consent to the corporation's election to be treated as an 'S corporation' under section 1362(a)". The mere filing of petitioner's Form 1040 does not evidence such a consent, even where the corporation is wholly owned. Because of the equivocal nature of Elite's purported election and petitioner's purported consent, petitioner and Elite might have been able -- had the tax consequences been otherwise -- to take a position contrary to that which they take today. See, e.g., Rockwell Inn, Ltd. v. Commissioner, supra.
Petitioner cites Hogan v. Commissioner, T.C. Memo. 1979-238, vacated without published opinion *457 688 F.2d 821 (3d Cir. 1982), in support of his claim that Form 2553 need not be filed. In the Hogan case, the taxpayer claimed that he sent respondent a letter in which he stated his intention that his wholly owned corporation be taxed under the provision of subchapter S. The Court held in the Hogan case that the taxpayer was not entitled to use the subchapter S provisions for its wholly owned corporation. The Court did not address the issue of whether the letter would have met the requirement that Form 2553 be filed. Instead, the Court based its decision on the fact that the taxpayer could not meet his burden of proving that the letter had actually been mailed. Petitioner argues that in the Hogan case the Court implicitly accepted the notion that Form 2553 need not be filed. In light of our conclusion that Elite's Form 1120S does not constitute a valid corporate election and that petitioner's Form 1040 does not constitute a valid shareholder consent we need not decide whether use of Form 2553 is mandatory for a proper election. See, e.g., Mora v. Commissioner, T.C. Memo. 1972-123; cf. Rockwell Inn, Ltd. v. Commissioner, T.C. Memo. 1993-158; *458 see generally Eustice & Kuntz, Federal Income Taxation of S Corporations, par. 4.02, at 4-6, n.18 (3d ed. 1993). We have considered all arguments made by petitioner and, to the extent not addressed above, find them to be without merit. For the foregoing reasons, Decision will be entered for respondent. Footnotes
1. Although Rose Elbaum, the wife of Saul Elbaum is a petitioner in this case -- she filed a joint Federal income tax return with her husband during the years in issue -- we hereinafter refer solely to Saul Elbaum as petitioner.↩
2. The record does not indicate whether Elite filed Form 1120S for the 1987 or 1988 taxable year.↩
3. Until final regulations are issued, temporary regulations are entitled to weight comparable to that of final regulations. Nissho Iwai Am. Corp. v. Commissioner, 89 T.C. 765, 776 (1987). See Zinniel v. Commissioner, 89 T.C. 357, 369 (1987). Final regulations under sec. 1362 were issued in 1992. See sec. 1.1362-1 through 1.1362-7, Income Tax Regs.Sec. 1.1362-1 through 1.1362-6, Income Tax Regs.↩, apply to taxable years after Dec. 31, 1992.
4. We note that the record does not show that Elite filed a 1987 Form 1120S. Although petitioner claims on brief that Elite filed a 1987 Form 1120S, this Court does not consider statements in brief as proof. Rule 143(b); Niedringhaus v. Commissioner, 99 T.C. 202, 214 n.7 (1992); Viehweg v. Commissioner, 90 T.C. 1248, 1255 (1988); Evans v. Commissioner, 48 T.C. 704, 709 (1967), affd. 413 F.2d 1047 (9th Cir. 1969); Bradley v. Commissioner, 4 B.T.A. 1179, 1180 (1926); Lyon v. Commissioner, 1 B.T.A. 378, 379-380↩ (1925). Elite did file Forms 1120S, for the 1989 and 1990 taxable years, so we will address petitioner's argument.